### WILLIAM J. FAY vs. NICHOLAS HARLAN.

Suffolk.   Nov. 17, 1879. — Jan. 19, 1880.   MORTON & SOULE, JJ., absent.

The statements of a patient to his physician as to his symptoms and complaints,
    for the purpose of medical treatment and advice, and the indications of suffer-
    ing on the part of the patient observed by the physician in his attendance upon
    him, are admissible in his favor in an action for a personal injury.
The record of a criminal court, showing that a person was indicted for an offence
    to which he pleaded guilty, and that he was discharged on probation, is not
    admissible in evidence to impeach the credibility of such person as a witness,
    under the St. of 1870, c. 393, § 3.

TORT for assault and battery.   At the trial in the Superior
Court, before *Allen*, J., the plaintiff offered evidence tending to
prove that he was struck upon the head by the defendant with
the butt of a whip; and called Luther B. Morse, a physician,
who testified that he attended the plaintiff immediately after the
injury.   The witness was then asked by the plaintiff, against
the defendant's objection, whether there were any complaints of
suffering made by the plaintiff at the time.   The judge allowed
the witness to testify to such complaints made as statements
of symptoms to him as attending physician.   The witness also
testified that he attended upon the plaintiff for several weeks
after the injury, making several visits during that time.   He
was then asked by the plaintiff, against the defendant's objec-
tion, whether there were indications or symptoms of suffering
during those visits.   The judge allowed the question to be put,
and the witness testified to such indications.

The plaintiff testified in his own behalf; and, to affect his
credibility as a witness, the defendant offered in evidence a rec-
ord, which showed that the plaintiff had been indicted for an
assault, to which he pleaded guilty, and that, on acknowledg-
ment of satisfaction and payment of costs, he was discharged on
probation.   The plaintiff objected to its admission; and the judge
excluded it.   The jury returned a verdict for the plaintiff; and
the defendant alleged exceptions.

*G. W. Searle & J. L. Eldridge*, for the defendant.

*T. Riley*, for the plaintiff.

AMES, J.   It is well settled that the declarations of a patient,
as to his symptoms and complaints, to his physician, for the

purpose of medical treatment and advice, are competent and admissible in evidence. They are not to be considered as mere hearsay, if made with a view to be acted on in a matter of grave personal concernment, in relation to which the party has a strong and direct interest to adhere to the truth. *Barber* v. *Merriam,* 11 Allen, 322. All other visible symptoms and indications manifesting pain and suffering stand upon the same ground. The weight and value of such evidence are for the jury to determine in each case.

Under the statute provision that the conviction of a witness of any crime may be shown to affect his credibility, (Gen. Sts. c. 131, § 13; St. 1870, c. 393, § 3,) it has been decided that the term "conviction" is used in a sense including the judgment of the court, and that a plea of guilty, without such final judgment, is not sufficient. *Commonwealth* v. *Gorham,* 99 Mass. 420. The record offered to impeach the credit of the witness does not show any such judgment, but only that he was discharged on probation. See also *Commonwealth* v. *Lockwood,* 109 Mass. 323, 330; *Commonwealth* v. *Dowdican's Bail,* 115 Mass. 133; *Partridge* v. *Hood,* 120 Mass. 403.       *Exceptions overruled.*