MARY LAUGHLIN v. THE STREET RAILWAY COMPANY OF GRAND RAPIDS.

[See 62 Mich. 220.]

*Practice in circuit court—Reading report of case to jury—Evidence —Expressions of pain.*

1. The reading by counsel for plaintiff of the former opinion in this. case, accompanied with a statement that the Court had passed upon the question of contributory negligence favorably to plaintiff, is held to have been highly improper.
2. It is not competent, in a negligence case, to prove what expressions of pain were made by the plaintiff more than four years after the accident, and after the suit was commenced, and when it was expected to come on for trial.

Error to superior court of Grand Rapids. (Burlingame,. J. Argued January 30, 1890. Decided April 11, 1890.

Negligence case. Defendant brings error. Reversed. The facts are stated in the former opinion, in 62 Mich. 220.

*Montgomery & Bundy (James H. Hoyt,* of counsel), for appellant.

*Mitchel & McGarry* and *Peter Doran*, for plaintiff.

GRANT, J. This case has before been in this Court, and is reported in 62 Mich. 220. It is unnecessary to restate the case or the facts here, as they are the same in both records, or to discuss the general principles involved. They are discussed and decided in the former opinion of the Court.

Counsel for plaintiff was permitted by the court to read to the jury the decision of this Court in the same case, upon the subject of contributory negligence. He accompanied his reading with the following statement:

"Here is the opinion of the Supreme Court upon a question of fact, whether this party was guilty of negligence or not, and what I propose to show is that the Supreme Court of the great State of Michigan, upon the facts appearing upon the other trial, said that the testimony of the plaintiff all tended to show at least ordinary care, and that was all the law required; and that the very arguments my brother has made in this case is asking that the jury find what the Supreme Court said did not exist."

These remarks of counsel, and the reading of the opinion to the jury, were highly improper. Such practice is very reprehensible. Fair and impartial verdicts cannot be obtained when such means are resorted to for the purpose of influencing the jury.

Mary Conklin, a witness for plaintiff, was asked what expressions of pain were made by plaintiff more than four years after the accident. This was after the suit was commenced, and about the time it was expected to come on for trial. Under these circumstances, proof of such expressions was incompetent, and the court should have rejected the testimony. In reply, the witness did not testify to any expressions of pain, but only described her appearance and condition. The error, therefore, was

not prejudicial, but, in view of a new trial, we decide the question raised.

The other points raised upon the record are disposed of by the former opinion of this Court.

The record in this case embraces 828 pages. We think that this was entirely unnecessary. One hundred pages would have been sufficient to have presented all the questions which were not disposed of upon the former hearing. The defendant will therefore be allowed to tax costs for printing 100 pages only.

Judgment must be reversed, and a new trial ordered.

CHAMPLIN, C. J., and MORSE, J., concurred. LONG, J., did not sit.