THE CONSOLIDATED TRACTION COMPANY, PLAINTIFF IN ERROR, v. CHARLES LAMBERTSON, DEFENDANT IN ERROR.

1. The declarations of a person as to his symptoms, made to a physician or surgeon, not for the purpose of treatment, but for the purpose of leading the physician or surgeon to form an opinion to which he may testify as a witness for the declarant in a suit brought by him for personal injuries, are not admissible in evidence at the instance of the declarant.

2. It is not error for the court to refuse to charge the jury to disregard the opinion of a physician, formed wholly or in part on such declarations as are above mentioned, in a case where there is legitimate evidence of the truth of the declarations.

---

On error to the Essex Circuit.

For the plaintiff in error, *Depue & Parker.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

DIXON, J.   In an action for personal injuries brought in the Essex Circuit, the plaintiff below recovered a judgment which, having been affirmed in the Supreme Court, is now before us on writ of error.   Of the matters involved, we think none requires consideration other than that received in the Supreme Court except the assignments of error based upon the judge's refusal to charge as requested concerning the opinions of the medical experts.   The following requests will show the precise points for consideration :

"The testimony of a physician called to examine the plaintiff at a recent period, with a view solely to giving testimony at the trial as to the extent of an injury and its probable duration and effect, cannot be regarded by the jury in any case in which the opinion of the witness is founded, in whole or in part, upon statements made by the plaintiff of circumstances not proved to be true or to exist and upon symptoms or conditions which existed at a former period, and of which the physician has no knowledge except from what the plaintiff told him.

"The opinion of a physician who has no knowledge of the case except that derived from an examination made in anticipation and with a view of testifying on the trial of a cause where the physical condition of the person examined is a material fact, cannot be regarded, if that opinion is founded, in whole or in part, on statements of previous physical condition and suffering and pain, of which proof was not made at the trial."

It appears that about a week before the trial a physician was called in by the plaintiff to examine his bodily condition, in order that the physician might form an opinion to which he could testify at the trial as an expert witness on the plaintiff's behalf, and in so testifying, the physician, having

stated that " there was not anything to discover by the examination except the symptoms, as he [the plaintiff] expressed them," was allowed to tell what symptoms the plaintiff had narrated. Although this testimony was objected to, no exception seems to have been sealed, and there is no assignment of error upon its admission. Its only bearing now, therefore, is upon the requests to charge.

The testimony itself, we think, was illegal.

It is well settled that the declarations of a patient as to his symptoms, made to his physician or surgeon for the purpose of treatment, are admissible in evidence. *Fay* v. *Harlan*, 128 *Mass.* 244 ; *State* v. *Gedicke*, 14 *Vroom* 86. While such declarations partake of the nature of hearsay, they derive some credibility beyond that of hearsay, from the fact that the patient expects his physician or surgeon to be guided by them in administering remedies, and so the patient has an incentive beyond the ordinary obligation to tell the truth.

But when such declarations are made not for the purpose of treatment, but for the purpose of leading the physician or surgeon to form an opinion to which he may testify as a witness for the declarant, not only is this reason for credibility absent but instead self-interest becomes a motive for distortion, exaggeration and falsehood. Hence it is the better conclusion that declarations made under such circumstances are not competent evidence on behalf of the declarant. *Grand Rapids Railroad Co.* v. *Huntley*, 38 *Mich.* 537 ; *Jones* v. *Village of Portland*, 88 *Id.* 598 ; *Davidson* v. *Cornell*, 132 *N. Y.* 228 ; *Delaware, Lackawanna and Western Railroad Co.* v. *Roalefs*, 70 *Fed. Rep.* 21.

Of course this does not apply to utterances which are the natural expressions of present pain, even though they are brought out by an examination made for the purpose above mentioned. Such utterances are themselves symptoms, and while they may be feigned, are nevertheless competent testimony, of the honesty and weight of which the jury must judge.

The exclusion of a party's declarations, made for the pur-

pose of qualifying an expert to testify on his behalf, will not unduly interfere with the evidence of expert witnesses. These witnesses may state to the jury the grounds of their opinion, so far as their expertness has discovered them, but outside of that the grounds must be disclosed by other evidence, and upon the grounds thus laid hypothetical questions may be framed on which the opinions of experts can be received.

But although we consider this testimony illegal, yet the court did not err in refusing to charge as requested.

The requests were, in substance, that the jury should be instructed to disregard the opinions of the physician, if they were based wholly or in part on the statements of the plaintiff as to his previous physical condition. But it is plain that if the evidence in the cause would warrant the jury in believing that the statements of the plaintiff were true, the opinions of the physician were competent testimony for the consideration of the jury. While the physician might not lawfully, at the plaintiff's instance, repeat to the jury the statements so made, yet his opinion, based on what the jury should believe to be facts, was not rendered valueless because those facts had been communicated to him by the plaintiff himself. We find in the record testimony uncontradicted that the statements made by the plaintiff to the physician were true, and hence even the last assignment, directed against the consideration of an opinion based on statements of previous physical condition, of which proof was not made at the trial, is inapplicable to the case, since no such statements appear.

There is no error requiring the reversal of the judgment, and therefore it is affirmed.

*For affirmance*—THE CHANCELLOR, COLLINS, DEPUE, DIXON, GUMMERE, LUDLOW, VAN SYCKEL, BOGERT, HENDRICKSON, NIXON. 10.

*For reversal*—None.