Missouri, Kansas & Texas Railway Company of Texas v. Walker Johnson.

No. 1093. Decided April 7, 1902.

1.—Self-Serving Declarations—Statements to Medical Expert.

The mere declaration by plaintiff of the fact of his suffering pain, made to a medical expert, on an occasion prepared by himself, for the sole purpose of furnishing the expert with information on which to base an opinion favorable to plaintiff in his suit for damages from personal injury, seems not to be admissible; but exclamations, shrinkings, and other expressions of a party which appear to be instinctive and spontaneous betrayal of pain are admissible though made under such circumstances. (Pp. 411, 412.)

2.—Objection to Evidence.

A general objection, in advance of the testimony, to evidence of anything said or done by plaintiff himself on the occasion of his examination by the medical expert who was testifying for him in regard to personal injuries, is not sufficient to raise the question of error in admitting a mere declaration of pain by plaintiff, along with other exclamations, etc., called forth by manipulations or tests by the physician. Not everything said or done was inadmissible, and a ruling should have been invoked on the particular testimony which was so. (P. 412.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

Johnson sued the railway company for personal injuries from defendant's negligence.    He had judgment and defendant appealed.    Judgment was affirmed, and appellant thereupon obtained writ of error.

*T. S. Miller* and *Head & Dillard,* for plaintiff in error.—What a plaintiff says to a physician who is examining him for the purpose of being a witness in his behalf, and not for the purpose of treating him professionally, is self-serving, hearsay, immaterial, irrelevant, and should not be admitted as evidence against the defendant in behalf of the plaintiff who makes the statements.    Wheeler v. Railway, 41 S. W. Rep., 517; Wheeler v. Railway, 91 Texas, 356; Railway v. Kuehn, 2 Texas Civ. App., 210; Railway v. Roalefs, 70 Fed. Rep., 21; Railway v. Huntley, 38 Mich., 543; Jones v. Portland, 50 N. W. Rep., 733; Railway v. Martin, 63 S. W. Rep., 1091.

The flinching and complaints that are made by a plaintiff to a physician who is examining him for the purpose of testifying in his behalf as to the extent of his injuries, and not for the purpose of treating him professionally, are self-serving, hearsay, immaterial, irrelevant, and should not be admitted as evidence against the defendant who is being sued at the time such evidence is so being manufactured.

*Wolfe, Hare & Semple,* for defendant in error.—The declarations made by a party as to present pain and suffering during the course of his examination by a physician, for the purpose of ascertaining his physical condition, are admissible as original evidence, and that the examination was made to enable the physician to testify as an expert in a suit then pending would make no difference.    The testimony was admissible as being one of the facts on which the physician based his opinion. Wheeler v. Railway, 91 Texas, 356; Railway v. Wheeler, 41 S. W. Rep., 517; Railway v. Shafer, 54 Texas, 641; Rogers v. Crain, 30 Texas, 285; Newman v. Dodson, 61 Texas, 95; Railway v. Barron, 78 Texas, 421; Jackson v. Railway, 55 S. W. Rep., 376; Railway v. Oslin, 63 S. W. Rep., 1039; Railway v. Click, 32 S. W. Rep., 226; Railway v. Ayers, 83 Texas, 270; Pullman, etc., v. Smith, 79 Texas, 468; Railway v. Reed, 88 Texas, 439; Railway v. Kuehn, 21 S. W. Rep., 60; Railway v. Sanders, 33 S. W. Rep., 245; Railway v. Rose, 49 S. W. Rep., 133; Railway v. Ross, 32 S. W. Rep., 730; Railway v. Brown, 40 S. W. Rep., 618; Railway v. Zwiener, 38 S. W. Rep., 375; Railway v. Bruce, 24 S. W. Rep., 927; Railway v. Urlin, 158 U. S., 271; Railway v. Spilker, 134 Ind., 380; Insurance Co. v. Mosley, 8 Wall., 397; Kent v. Town of Lincoln, 32 Vt., 591; Railway v. Novak, 61 Fed. Rep., 573; Railway v. Frazier, 27 Kan., 463; Johnson v. Railway, 47 Minn., 430; Sanders v. Reister, 1 Dak., 171; Matteson v. Railway, 35 N. Y., 487; Schuler v. Railway, 20 N. Y. Supp., 683; Jones v. Railway, 43 Minn., 279; Gray v. McLaughlin, 26 Iowa, 279; Barber v. Merriam, 11 Allen (Mass.), 322; Biles v. Holmes, 11 Ired. (N. C.), 16; Railway v. Falvey, 104 Ind., 409; Railway v. Johns, 36 Kan., 769; Phillips v. Kelly, 29 Ala., 628; Keys v. Cedar Falls, 107 Iowa, 509; Railway

v. Murray, 55 Ark., 258; Howe v. Plainfield, 41 N. H., 135; Norris v. Town of Haverhill, 65 N. H., 89; Earle v. Tupper, 45 Vt., 275; Denton v. State, 1 Swan (Tenn.), 279; State v. Gedicke, 43 N. J. L., 86; Towle v. Blake, 48 N. H., 92; Railway v. Newell, 104 Ind., 264; McKormick v. West Bay City, 110 Mich., 265; 1 Greenl. Ev., secs. 102, 162b, 16 ed.; 1 Whart. Ev., sec. 268.

WILLIAMS, Associate Justice.—This is a writ of error prosecuted from a judgment of the Court of Civil Appeals, affirming a judgment of the District Court in favor of defendant in error against plaintiff in error for damages for personal injuries.  One of the questions over which there was a sharp controversy in the trial was as to the extent of the injuries and damage sustained by defendant in error.

A bill of exceptions in the record recites that Dr. Feild was introduced as a witness in favor of plaintiff below, and testified that about six months before the trial he had examined plaintiff for the purpose of ascertaining the nature and extent of his injuries, not for treatment, but only in order to qualify himself to testify as an expert in the trial; "that on such examination plaintiff complained of suffering considerable pain in certain portions of his back, and when he (witness) would stick pins in him along his right leg, he would exhibit no signs of suffering pain, but when he would stick pins in him at corresponding places on his left side, he would flinch and complain a great deal."  The bill of exceptions further states that before the introduction of this evidence, the defendant objected to the witness testifying to anything plaintiff said and to anything plaintiff did while he was being examined by physicians for the purpose of testifying in the cause and not for the purpose of being treated, on the ground that the evidence would be self-serving, hearsay, immaterial, and irrelevant, and that the objection was overruled, the court holding "that everything that plaintiff said and did to the physicians while being examined under such circumstances would be admitted."

Plaintiff was injured August 16, 1899, and the trial occurred in March, 1901; the examination made by Dr. Feild, therefore, took place more than a year after plaintiff was hurt.

The evidence of Dr. Feild, as set forth in the statement of facts, states the appearances of a previous injury to plaintiff's back still existing when he made the examination, and proceeded: "He complained of considerable pain, and, upon any attempted movement, would complain a great deal."  Then follows the statement copied in the bill of exceptions.

This writ of error was granted because the court thought there was error in the admission of the mere declaration of plaintiff of the fact of his suffering pain, made to an expert, on an occasion prepared by himself, for the sole purpose of furnishing the expert with information on which to base an opinion favorable to plaintiff.  That such declarations, made under such circumstances, are not admissible is held by many authorities which seem to be better supported by reason than those taking a contrary view.  Railway v. Huntley, 38 Mich., 543; Darrigan v. Rail-

way, 52 Conn., 291; Jones v. Portland, 50 N. W. Rep., 733; Railway v. Roalefs, 70 Fed. Rep., 21; Lambertson v. Traction Co., 38 Atl. Rep., 683; Abbott v. Heath, 84 Wis., 320; Stone v. Railway, 88 Wis., 98; Keller v. Gilman, 93 Wis., 9; Laughlin v. Railway, 80 Mich., 154. This point was not decided by this court in Wheeler v. Railway, 91 Texas, 356, a decision of it being expressly waived because the court held that the objections urged in the trial court did not raise it. For very similar reason it must be held that the point is not properly raised in this case.

The authorities referred to admit that exclamations, shrinkings, and other expressions of a party which appear to be the instinctive or spontaneous betrayal of pain are admissible, although they be made under circumstances such as are disclosed here. Nearly all of the statements of Dr. Feild of the acts and expressions of plaintiff belong to this class, and the manner in which his evidence is stated in the statement of facts makes it doubtful if the declaration of pain in the back was not produced by manipulations or tests applied by the physician.

The bill of exceptions states that a general objection was made to anything that plaintiff said or did before the witness had given any testimony. This was not the proper time to raise such an objection. The court could not be required to anticipate what the witness would say the plaintiff said or did and to discriminate in advance between the admissible and inadmissible. Whether what plaintiff said or did was competent evidence or not, depended on its nature, and a determination of what was admissible and what was not required close discrimination, which the court could only make when put in possession of the particular matter sought to be introduced. This, so far as the record shows, the court was never called upon or enabled, by an objection made at the proper time, to do. It is stated, it is true, that the court ruled that everything said and done would be admitted, but the objection did not require the court to make any distinction. It was that nothing that was said or done was admissible which was plainly unsound; and it was urged at a time when no particular evidence was up for consideration. Courts, in ruling on the admission of evidence, are expected to pass upon particular matter offered and not to decide abstract propositions in advance of any offer.

*Affirmed.*