CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY v.
J. M. WILLIAMS.

Decided November 19, 1904.

**1.—Practice on Appeal—Immaterial Evidence.**

The admission of evidence that is trivial in character will not constitute ground for reversal.

**2.—Res Gestae—Personal Injury.**

In an action for personal injury testimony that within a few minutes after the accident plaintiff was sitting on the side of the railroad track, groaning and complaining and seemed to be in pain, was admissible.

**3.—Evidence—Personal Injury.**

That plaintiff, suing for personal injury, was at any time after the accident spitting up blood, was a physical fact which could be proved by any witness cognizant thereof.

**4.—Practice in Trial Court—Objection to Evidence.**

An objection going to the whole of certain evidence is properly overruled if any part of the evidence is admissible.

**5.—Practice on Appeal—Fact Otherwise Shown.**

The erroneous admission of evidence of a fact which is otherwise indisputably shown is not ground for reversal.

**6.—Contributory Negligence—Charge.**

In an action for personal injury the refusal of a requested charge submitting the issue of contributory negligence was not error where the charge given narrowed the issue to the question of whether or not defendant's servants discovered plaintiff's peril in time to have prevented the injury.

**7.—Release of Damages—Personal Injury—Charge.**

In an action for personal injury the court properly refused a requested charge, submitting the issue of a release of damages by the plaintiff, but ignoring the question of fraud in its procurement.

**8.—Same—Fraud in Procurement Essential.**

Where plaintiff has executed a written release of the damages for which he sues, he is not entitled to recover unless he shows not only that he was ignorant of the true nature and effect of the release, but that his want of knowledge in these respects was procured or induced by some act of the opposite party amounting to fraud.

**9.—Charge Too Broad—Court and Jury.**

It was error for the court to charge that the plaintiff, "under all the facts and circumstances of this case," was justified or excused in relying upon and believing the statements of defendant's agent as to the contents and effect of the written release, then they would find for plaintiff, since it was the court's province to say what would justify or excuse plaintiff in the premises.

**10.—Practice on Appeal—Charge.**

Although a paragraph of the charge is not excepted to by any assignment of error, yet before the Appellate Court can give it the effect of curing an error in another part of the charge, it must be found to be a correct charge itself.

Appeal from the District Court of Wise. Tried below before Hon. J. W. Patterson.

*N. H. Lassiter, Rabert Harrison* and *T. J. McMurray,* for appellant.
1. The requested charge number 3 submitted the issue of contributory negligence, which had been pleaded and proved by the defendant, and the defendant had a right to have the jury charged as requested on this issue. The court nowhere charged the jury in regard to the plaintiff's contributory negligence. Railway Co. v. Stell, 67 S. W. Rep., 538; Railway Co. v. Parker, 49 S. W. Rep., 717; Railway Co. v. Patterson, 48 S. W. Rep., 747; Railway Co. v. McGlamory, 35 S. W. Rep., 1058.
2. The requested charge No. 6, in reference to the appeal of the settlement and release, correctly applied the law to the facts and should have been given. May v. Railway Co., 18 S. W. Rep., 960; Hurt v. Wallace, 49 S. W. Rep., 675; McGee v. Verity, 71 S. W. Rep., 472; Brown v. Railway Co., 18 Mo. App., 568; Railway Co. v. Weakley, 35 A. & E. Ry. Cases, 635.
3. The court erred in the third paragraph of his charge to the jury, relating to the effect of the release. Plaintiff testified that he could read and could have read that release, and that it was agreed between him and the claim agent that he was to be paid for his lost time; that the agent told him he would allow him twenty days lost time, and that he was paid thirty dollars, and required to sign this release. Under these circumstances, there being no evidence of fraud on the part of the claim agent, but on the contrary, the plaintiff himself testifying that the claim agent agreed to allow him twenty days as his lost time, and paid him for this time, he is bound by the release without regard to whether it was negligence or was not negligence on his part in failing to read it. Railway Co. v. Fenn, 76 S. W. Rep., 597; Railway Co. v. McCarty, 60 S. W. Rep., 429; May v. Railway Co., 18 S. W. Rep., 960; Hurt v. Wallace, 49 S. W. Rep., 675; McGee v. Verity, 71, S. W. Rep., 472; Brown v. Railway Co., 18 Mo. App., 568; Railway Co. v. Weakley, 35 A. & E. Ry. Cases, 635.

*R. E. Carswell,* for appellee.—The charge complained of, relating to the settlement and release, in connection with section 4 of charge given, presented the law applicable to the facts, and there was no error in giving it. Chatam v. Jones, 69 Tex. 745; Conn v. Hogan, 55 S. W. Rep., 325.

SPEER, ASSOCIATE JUSTICE.—This is an action of damages instituted by appellee against appellant to recover for injuries sustained by him by reason of the alleged negligence of the company in injuring him while in the act of pinching a partially loaded coal car so as to enable

the company's operatives to attach an engine to the same. Among other defenses the appellant interposed a release executed by the appellee, which presents the principal question to be decided on this appeal. A trial before a jury resulted in a verdict and judgment in favor of the appellee for the sum of $920.

The testimony of the witness Frank Tackle, in response to the question, "When you saw the engine coming, how close was it to the car?" that it was "Pretty close;" and in response to the succeeding question, "Could you have given warning?" "No sir; I would not have had time," if open to the objection that it was his conclusion and immaterial, was also trivial, and the assignment based thereon could hardly call for a reversal of the case.

In view of the explanation by the court of the bill of exception taken to the testimony of the witness Houx, that the testimony of said witness related to a time within a few minutes after the accident, we think there was no error in allowing him to testify that " he was sitting on the side of the track, groaning and complaining," and seemed to be in pain.

Neither can the objection to Motsenberger's testimony, that "Plaintiff seemed to be complaining some since the accident and spitting up blood," be sustained, the objection being that the same is self-serving, hearsay and a conclusion of the witness, because at least a part of the testimony is not open to any of these objections, and the objection being to the whole, was properly overruled. If the appellee was at any time after the accident spitting up blood, this would be such physical act as could be proved by any witness who was cognizant of the fact, precisely the same as a description of wounds or bruises inflicted by the accident could be detailed.

If the witness Johns' testimony, to the effect that he found appellee "suffering" immediately after the injury and before he got up, was a conclusion of the witness, it so indisputably appears that such was a fact that the assignment based thereupon is not to be seriously considered.

Complaint is next made of the refusal of the court to give to the jury appellant's special charge number 3, which is as follows: "You are charged that if the plaintiff voluntarily went into a place of danger, behind said car upon the railroad track, without notice to defendant's operatives on the engine, and was thereby injured, and if you find that a man of ordinary prudence would not have so gone upon said track, and that it was negligence and a want of ordinary care to so go upon said track, you will find for the defendant."

More than one valid reason can be given in support of the court's refusal to give this charge; first, it would have withdrawn from the jury the issue of discovered peril which was properly in the case; and second, it was unnecessary to submit to the jury the question of appellee's contributory negligence at all, in view of the following special charge given at the request of the appellant: "You are charged that unless you find from the evidence by a preponderance thereof that at the time the plaintiff was injured the agents of defandant in charge of its train knew that the plaintiff was behind the car and pinching it forward, and that he

would likely be injured if the engine continued to move, you will return a verdict in favor of the defendant."

This, it will be seen, was tantamount to an assumption that appellee was guilty of negligence, and narrowed the issues to the question of whether or not, appellant discovered his peril in time to prevent the injury. The least that can be said of this is that it certainly was as favorable to appellant as it had a right to demand.

Error is also predicated upon the refusal of the court to give the following charge upon the issue of release and discharge of appellant company: "You are charged that if you find from the evidence that after plaintiff was injured, on to wit, the 19th day of February, 1903, one of the duly authorized agents of the defendant, W. P. Williams, made a settlement with the plaintiff, by the terms of which said plaintiff agreed to release and discharge said defendant company from all demands and claims against it, and especially from liability for injury to him, the same as is sued for in this case, and that the defendant paid to the said plaintiff, J. M. Williams, the amount agreed upon, and the said plaintiff received the same, and executed to the defendant his release in writing for the same, you will find for the defendant."

This clearly should not have been given, because it excludes from the consideration of the jury the question of fraud upon the part of the appellant's agent in procuring the appellee to execute such release, the maintenance of which issue is. the only means by which appellee would be entitled to recover in this case.

It is insisted that there was no evidence to justify the submission to the jury of the issue that the employes of the appellant in charge of the engine knew of the dangerous position of the appellee, and that this issue should not therefore have been submitted to the jury, as was done in the second paragraph of the court's charge. But if it be true that there is such absence of testimony upon this issue, yet the appellant is hardly in a position to reverse the case for this reason, because the language of the first special charge requested by it, and which has already been set out in this opinion, clearly presented this issue to the jury, even more pointedly than the paragraph of the court's charge complained of. But we are not to be understood as indicating that the evidence did not raise this issue. On the contrary, we are of the opinion, without detailing the evidence, that the court properly included this among the·issues of the case.

There is error however, in the third paragraph of the court's charge which calls for the reversal of the case. The paragraph is as follows: "On the question of settlement and release, you are charged that the release read in evidence will bar and prevent the plaintiff from recovering herein, unless you find and believe from a preponderance of the evidence that the plaintiff did not know or understand the nature and effect of the same at the time he signed and delivered the same, and that such want of knowledge of the nature and effect of such release was not caused by negligence or lack of care on the part of the plaintiff in failing to read the same."

This, of course, is tantamount to a direction that the appellee can recover in the event the jury find and believe from a preponderance of

the evidence that he did not know and understand the nature and effect of the instrument at the time he signed and delivered it, and that such want of knowledge was not caused by his negligence. This is not sufficient to authorize him to recover. Before he would be authorized to recover in this case, the appellee will be required to show not only that he was ignorant of the true nature and effect of the release executed by him, but that his want of knowledge in these respects was procured or induced by some act of the appellant amounting to fraud. It is undisputed that appellee was able to read and could have read the instrument executed by him, and his failure to do so can only be excused by a replication of fraud. upon the part of the company's representative. The principle is illustrated in the language of Mr. Justice Head in Williams v. Rand, 9 Texas Civ. App., 631, 30 S. W. Rep., 511: "In order for him to avoid its effect, the charge should require him to show not only that he could not read and did not in fact know its contents, but that it was misread to him, or some other fact that would excuse his negligence in signing an instrument the effect of which he did not understand." Which case see for a valuable review of authorities on this question. It is insisted by the appellee, however, that this charge, when read in connection with section 4 immediately following it, presents the law applicable to the facts and was not erroneous. The paragraph referred to is as follows: "4. If you find and believe from a preponderance of the evidence herein that the plaintiff signed said release read in evidence without reading it, and that he believed that it was simply a receipt for $30, and intended to pay him the value of his services for twenty days, and if you believe Williams, the agent of defendant, prepared same and represented the defendant (plaintiff) that it was only a receipt for the $30, and you further believe from the evidence that the plaintiff under all the facts and circumstances in this case was justified or excused in relying and believing upon the statement of said agent Williams, without reading it, then if you so believe, said release would not be binding upon the plaintiff, if the plaintiff had not agreed to accept the $30 in full settlement and satisfaction for the injuries complained of." This paragraph of the charge is not excepted to by any assignment; but notwithstanding this, before we could give to it the effect of curing an error in another paragraph, we would have to find it to be a correct charge itself. Now this paragraph, though somewhat more onerous on appellee than the preceding one, also details a state of facts which, if found by the jury, would authorize them to return a verdict for the appellee, notwithstanding the release. But it is nowhere indicated that the jury would have to find for the appellee under both of these paragraphs before returning a verdict in his favor. But even this is not the most serious objection to the fourth paragraph of the charge. In it the jury are instructed that if they find that "plaintiff under all the facts and circumstances in this cause was justified or excused in relying and believing upon the statement of said agent Williams," then they would find for the appellee. It is the province of the jury to find whether or not appellee was guilty of negligence in the matter of signing the release, and whether or not appellant's agent made false and fraudulent representations to the appellee to induce the execution, but it

is the court's province to say what would justify or excuse the appellee in the premises. The jury may have considered that the fact that appellee did not have his spectacles convenient was a sufficient excuse for not reading the release, and for this reason, if they so believe, under the charge they could have returned a verdict in his favor.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*