EL PASO & SOUTHWESTERN RAILROAD COMPANY v. H. C. POLK.

Decided February 19, 1908.

**1.—Railroad Crossing—Collision—Negligence.**

Railroad employees, having the right of way over the crossing of another railroad, have the right to presume that the employees of the other road will observe, not only the rules of the company but the dictates of common sense and a just recognition of the rights of others, and not recklessly cause a collision, and hence the employees of the road having the right of way cannot be charged with contributory negligence in relying upon such presumption. Evidence considered, and held to show negligence on the part of the defendant company.

**2.—Personal Injuries—Pain—Declarations—Res Gestae—Evidence.**

In a suit for damages for personal injuries declarations of the injured party made to a medical expert for the purpose of qualifying him to testify in the case, are not admissible in evidence. But declarations made during the course of treatment and while the patient is still suffering are admissible as res gestae, and the length of time which may have elapsed between the injury and the declaration, is immaterial.

**3.—Charges—Conflict—Assignment of Error.**

In a suit for personal injuries, contributory negligence being the issue,

a conflict in the charges of the court, by one of which it was assumed that the plaintiff saw the approaching engine and by the other it was left to be found as a fact by the jury, was not such error as could be taken advantage of on appeal without an assignment of error based thereon.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Patterson, Buckler & Woodson,* for appellant.—The testimony of the physician was improperly admitted, because it was a statement of a self-serving declaration of the plaintiff.

The admission of such testimony was erroneous, as the evidence shows that the complaints of plaintiff, about which the witness was permitted to testify, were not spontaneous but were voluntary, and made on an occasion prepared by plaintiff after his suit had been set for trial.

The testimony was improperly admitted because the complaints of plaintiff were made to the witness long after plaintiff was injured, and several months after he had ceased to be under the care of a physician.

The testimony was but a repetition of a voluntary statement made by the plaintiff to his witness after plaintiff's suit had been instituted.

The testimony of the witness was hearsay, and no part of the *res gestae.* Railway v. Wheeler, 41 S. W., 518; Missouri, K. & T. Ry. v. Johnson, 95 Texas, 409; Arlington v. Texas & P. Ry., 70 S. W., 551; Grand Rapids & I. Ry. v. Huntley, 38 Mich., 548; Abbott v. Heath, 54 N. W., 574; McKormick v. West Bay City, 68 N. W., 148; Comstock v. Georgetown, 100 N. W., 794.

The third paragraph of the court's supplemental charge is in conflict with the seventh paragraph of the main charge, and therefore misleading and confusing. The seventh paragraph of the main charge tells the jury that plaintiff saw the approach of defendant's engine, while the third paragraph of the supplemental charge leaves for the jury to determine whether or not plaintiff saw the approach of said engine. As being fundamental error: Wilson v. Johnson, 94 Texas, 272; Upshur v. Lewright, 17 Texas Ct. Rep., 93.

Misleading and conflicting charges reversible error: Emerson v. Mills, 83 Texas, 388; Gulf, C. & S. F. Ry. v. Greenlee, 62 Texas, 349; San Antonio & A. P. Ry. v. Robinson, 73 Texas, 284; Williamson v. Smith, 79 S. W., 51; Eddy v. Bosley, 34 Texas Civ. App., 116.

The error presumed to have been injurious: Emerson v. Mills, 83 Texas, 388; Railway v. Greenlee, 62 Texas, 349.

*Patterson & Wallace,* for appellee.—The testimony of Dr. Miller was competent. Missouri, K. & T. Ry. Co. v. Sanders, 12 Texas Civ. App., 5; Newman v. Dodson, 61 Texas, 95; City of Bonham v. Crider, 27 S. W., 419; Rogers v. Crain, 30 Texas, 284; Gulf, C. & S. F. Ry. Co. v. Brown, 16 Texas Civ. App., 93.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by appellee to recover damages arising from personal injuries alleged to have been inflicted through the negligence of appellant. The cause was

tried by jury and resulted in a verdict and judgment for appellee
for $4,000, of which amount $2,000 were remitted by appellee.

The injuries were inflicted through the negligence of appellant
in running a locomotive into a car upon which appellee was riding,
at a crossing between the railroad of appellant and the railroad of
the Texas & Pacific Railway Company. The collision did not occur
through the contributory negligence of appellee. No signals were
given by appellant of the approach of its engine, and it ran into
the cars of the Texas & Pacific Railway Company that were being
pushed across the track, after it had stopped and the customary
blasts of the whistle had been given. No attention was paid by
the employes of appellant to the crossing, although they were close
enough to have heard the signals. They knew the crossing was
used day and night by the Galveston, Harrisburg & San Antonio
Railway Company, but never whistled nor stopped before passing
the crossing. The employes could, on the night of the collision, see
four or five car lengths and could have stopped in two car lengths.
Three lights were on the top of the car that was struck. No effort
was made by the employes of appellant to lessen the speed of the
locomotive at or near the crossing.

It is not contended by appellant that any precautions were taken
by it to prevent the collision, the position, seemingly, being that the
employes of the train, on which appellee was riding, saw its locomo-
tive at a distance of fifteen car lengths coming towards the cross-
ing and should have anticipated that it would give no signals, and
would run into the train on the crossing. Appellee was justified in
acting on the theory that the employes of appellant would act with
some regard for human life and property rights, and could presume
that they would not recklessly run into a train on the crossing. Ap-
pellee, in discharge of his duties, as an employe of the Texas &
Pacific Railroad Company, had as much right on the crossing as
appellant, and more, perhaps, because the train on which he was
riding had the precedence by having first reached the crossing. We
think this rule should prevail even though railroad companies had
never promulgated any rule on the subject, for it is founded on
the principles of common sense and a just recognition of the rights
of others. A man of reasonable prudence was justified in presuming
that the servants of a corporation would not deliberately trample
upon and disregard such principles and would not recklessly drive
a locomotive into cars moving over a crossing, no matter how much
they had before that time disregarded the rules of safety in running
trains across other railroads without giving any warning or signal,
or coming to a stop in order to ascertain if another train was ap-
proaching.

The evidence discloses that the yard master and foreman was on
the car with appellee and he was in charge of the train, and he
gave the signal for it to be backed on the crossing. Appellee had no
control over the movement of the train, and yet it is contended that
his conduct in being on the car was so palpably negligent that the
court should have instructed a verdict for appellant. We do not
think so. Although the train was in a place where it was lawful

and right for it to be, appellee was not responsible for its being there, and had not lost the protection of the law by staying at his post of duty until he saw that appellant's train would crash into the car. When he saw that he did all he could to escape from the car. The court did not err in refusing to instruct a verdict for appellant and the jury was justified in finding that the collision occurred through the negligence of appellant.

The second and third assignments of error complain of the admission in evidence of statements made by appellee to his physician as to pain in the back between the dorsal and lumbar vertebrae. The complaints were made after the suit was instituted, the last time being the week before the trial, but were made to appellee's physician when he had called at the office of the physician for examination and treatment, and he was under medical care at the time the statement was made. There is no evidence to the effect that the examination of appellee was made for the sole purpose of furnishing the physician with information on which to base an opinion favorable to appellee. In the case of Railway v. Johnson, 95 Texas, 409, cited by appellant, the physician testified that the statements were made during an examination, which took place, not for treatment, but only to qualify the physician to testify as an expert at the trial, and while the court held that statements made under such circumstances were not admissible, it was further held that the objection that the evidence "would be self-serving, hearsay, immaterial and irrelevant," did not raise the point. The objections in this case are "that the time intervening between the accident and the occasion of the complaint was too remote; and that any statement that the plaintiff may have made at the time mentioned would be a mere self-serving declaration and the same was irrelevant, immaterial and incompetent." It follows that the point, as to the declarations being made during the course of an examination arranged for the purpose of making the declarations, is not raised in this case. Wheeler v. Tyler S. E. Ry., 91 Texas, 356.

In the Wheeler case, last cited, it was objected that the evidence was hearsay, but the court held that the objection was untenable, and in effect held that the only valid objection would have been that the declarations were made to order for the purposes of the trial. Nothing of the sort is revealed by the evidence in this case, and no such objection was interposed.

There is no force in the objection that the declarations were made too long after the accident. Time does not enter into the consideration of such testimony. As said in Texas & Pac. Ry. v. Barron, 78 Texas, 421: "We think the evidence was properly admitted, and that the time that may have elapsed between the injury and the declaration is not of much importance in an inquiry of this character. The question was, What was his feeling at the time of speaking? Whether that was some time after the accident or not might affect the weight to be given to the evidence as tending to establish that he was injured in the wreck, but would not affect its admissibility." We conclude that, under the objections urged, the evidence was not improperly admitted.

It was decided in the case of Houston & T. C. Ry. v. Shafer, 54 Texas, 641, that such evidence was not hearsay. "As respects the incident or circumstance of his suffering from the disease at the time referred to by the witness, it was a part of the *res gestae;* it was not the less admissible because it was not a part of the transaction which occasioned the injury to his person on the defendant's railway."

The fourth and fifth assignments of error advance the proposition that the verdict was contrary to the law as given by the court. That contention is disposed of by our conclusions of fact hereinbefore stated.

The court did not err, as claimed in the seventh assignment of error, in submitting the issue as to whether appellant's servants were guilty of negligence in failing to give signals or stop at the crossing. The negligence was made to hinge upon the facts and circumstances of the case, and although appellant's servants may have been in the habit of disregarding the plain dictates of prudence in passing crossings, it was a question of fact for the jury, as to whether their negligent customs gave them the right to run over anything that impeded their progress. It was also a question of fact to be determined by the jury as to whether appellee was in the exercise of care and prudence in remaining on the car as long as he did.

There is neither fundamental error or any other kind in the two charges criticized in the eighth, ninth and tenth assignments of error. There is no conflict, as claimed, between the main and supplemental charges. If there was a conflict it would not be fundamental error and could not be considered in the absence of assignments filed as required by law. Assuming in one charge that appellee saw the approaching locomotive and leaving it to be found as a fact by the jury in another would not be an error "either fundamental in character or one determining a question upon which the very right of the case depends." Wilson v. Johnson, 94 Texas, 272; Harris v. Petty, 66 Texas, 814.

The verdict, as cut down by the remittitur, is not excessive.

*Affirmed.*

Writ of error refused.