ST. LOUIS SOUTHWESTERN RY. CO. OF
TEXAS v. PRUITT.

.(Court of Civil Appeals of Texas. Texarkana.
April 21, 1913.   Rehearing Denied
May 1, 1913.)

1. TRIAL (§ 260*)—REQUESTED INSTRUCTIONS
—EFFECT OF MAIN CHARGE.

In an action for injuries to a servant, a
requested instruction that plaintiff could be com-
pensated only for such future result of the in-
juries as they might believe would reasonably
result therefrom, and not for consequences of
the injury which might possibly result there-
from, is covered by the court's charge that in
assessing damages the jury ought to consider
the nature and extent of the injury, the pain
he had suffered as the proximate result of the in-
jury, and any impairment of his ability to earn
money proximately resulting, and in that way
ascertain what amount will fairly and reason-
ably compensate him for the injury.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 651–659; Dec. Dig. § 260.*]

2. TRIAL (§ 260*)—REQUESTED INSTRUCTIONS—
INCLUSION IN MAIN CHARGE.

In an action for injuries in which it was
shown that the absence of the patella reflexes
was indicative of an injury to the spine, a re-
quested instruction that if the jury believe that
the patella reflexes were absent, yet also believed
same were absent prior to the time when he was
injured, is properly refused as covered in the
main charge, that the jury could consider only
such injuries as plaintiff received on the occa-
sion of the collision.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 651–659; Dec. Dig. § 260.*]

3. EVIDENCE (§ 477*)—OPINION OF WITNESS.

In an action for personal injuries, a wit-
ness may properly state that plaintiff was not
able to go to his meals.

[Ed. Note.—For other cases, see Evidence,
Cent. Dig. §§ 2237–2241; Dec. Dig. § 477.*]

4. TRIAL (§ 85*)—EVIDENCE—OBJECTIONS.

An objection to the whole of testimony ad-
missible in part is properly overruled.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 222, 223–225; Dec. Dig. § 85.*]

5. EVIDENCE (§ 127*)—EXCLAMATION OF PAIN
BY PERSON INJURED.

An exclamation of pain made by one in-
jured on pressure being applied on his spine by
a physician examining him is admissible on the
question of his injuries.

[Ed. Note.—For other cases, see Evidence,
Cent. Dig. §§ 377–382; Dec. Dig. § 127.*]

6. DAMAGES (§ 132*)—EXCESSIVE DAMAGES—
INJURY TO SPINE.

Where the evidence showed a permanent in-
jury to the spine, a verdict of $8,000 will not
be held excessive.

[Ed. Note.—For other cases, see Damages,
Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

Appeal from District Court, Smith Coun-
ty; R. W. Simpson, Judge.

Action by Marvin Pruitt against the St.
Louis Southwestern Railway Company of
Texas. From a judgment for plaintiff, de-
fendant appeals. Affirmed.

Marsh & McIlwaine, of Tyler, and E. B.
Perkins and D. Upthegrove, both of Dallas,
for appellant.   W. H. Clark and W. T.
Strange, both of Dallas, and Lasseter & Mc-
Ilwaine and N. A. Gentry, all of Tyler, for
appellee.

WILLSON, C. J.   Appellee while in the
discharge of his duties as a brakeman on
one of appellant's trains suffered injury to
his person, as the result of a collision be-
tween that train and another one of appel-
lant's trains, due to negligence on its part.
As damages he thereby became entitled to,
he recovered the judgment for $8,000 from
which this appeal is prosecuted.

At the time the collision occurred, appellee
was sitting in the cupola of the caboose-
forming a part of the train, with his back
to a window in said cupola. The force of
the collision was great enough to throw him
against, and the upper part of his body
through, the window. He claimed, and there
was testimony sufficient to support a find-
ing in accordance with his claim, that as a
result of his back striking the sill of the
window he suffered serious and permanent
injury to his spine.

[1] The court instructed the jury, if they
found for appellee, in assessing his damages
to take into consideration the nature, char-
acter, and extent of the injury he had re-
ceived, the pain he had suffered as the di-
rect and proximate result of such injury,
and any impairment of his ability to labor·
and earn money, directly and proximately
resulting to him from such injury, and in
that way "ascertain what amount of cash
money will fairly and reasonably compensate
him" for the injury. It appearing from the
testimony that on former occasions, as the
result of other accidents, appellee had suf-
fered injuries to his person, the court fur-
ther instructed the jury not to consider in
assessing his damages the effect on him of
such other injuries.   Having so instructed
the jury, the court refused appellant's re-
quest to further instruct them that if they
found for appellee they could only award him
"compensation for such future results of the
injuries" as they might believe would "rea-
sonably and probably result therefrom," and
could not award him compensation for conse-
quences of the injuries which they believ-
ed might "possibly result therefrom."   We·
think the instruction given by the court suf-
ficiently guarded appellant's rights, and
therefore that he did not err in refusing to
further instruct the jury as requested. If
the jury observed the instruction given them,
and it should be assumed they did, in as-
sessing the damages they awarded appellee
for results in the future of the injury he
suffered in the collision, they considered only
his impaired ability to labor and earn money
directly and proximately resulting from that
injury, and awarded him on account there-
of only the amount necessary to "fairly and
reasonably" compensate him therefor. If
they considered only that, appellant has no
right to complain.

[2] It appeared from the testimony that
the absence of the patella reflexes from a

person's legs was regarded by expert witnesses as indicative of a spinal injury. There was testimony that after appellee suffered the injury in the collision the patella reflexes were absent from his legs, and there was testimony tending to show the contrary. There also was testimony that the absence of the patella reflexes is not always due to an injury, but sometimes is congenital. With reference to this phase of the case, appellant asked the court to charge the jury if they believed the patella reflexes were absent, yet also believed same "were absent from his (appellee's) legs prior to the time when he was injured," not to consider the absence thereof · for any purpose. If the jury believed the reflexes were absent before appellee was injured in the collision, they could not have considered the absence thereof for any purpose without ignoring the instruction the court gave them, for in his main charge the court authorized them to consider only such injuries as appellee received on the occasion of the collision. We think it should be assumed that the jury observed the instruction given them, and that appellant's rights were not prejudiced by the refusal of the court to further instruct them as requested.

[3, 4] A few weeks after he was injured appellee went to the home of one of his sisters, where he remained 60 or 70 days. During this time another one of his sisters, who resided with the other one, assisted in caring for him, frequently rubbing his back to relieve him of pain he suffered therein. This sister, over appellant's objection thereto on the ground that it was her opinion about a matter she had not qualified to give an opinion about, was permitted to testify that appellee "was not able to go to his meals," and that she carried his meals to him. We think the whole of the testimony objected to was admissible (Railway Co. v. Brown, 30 Tex. Civ. App. 57, 69 S. W. 1012; Railway Co. v. Long, 26 Tex. Civ. App. 601, 65 S. W. 883; Railway Co. v. Hyatt, 12 Tex. Civ. App. 435, 34 S. W. 677); but, if it was not, clearly the statement of the witness that she carried appellee's meals to him was not subject to the objection urged to it. When the objection, as in this instance, is to the whole of testimony admissible in part,· it is not error to overrule it. Railway Co. v. Williams, 37 Tex. Civ. App. 198, 83 S. W. 248. For like reasons we think it was not error to overrule the objection made to testimony of the same witness set out in the statement under the sixth assignment, to the testimony of appellee's mother set out in the statements under the seventh and eighth assignments, and to the testimony of the witness Tucker set out in the statement under the ninth assignment.

[5] At the request of one of appellee's attorneys, L. E. Smith, a physician, made an examination of appellee, and with reference thereto testified: "I found some subjective symptoms of injury, of spinal injury. He claimed pain there; that is all." Appellant's motion to exclude said testimony, on the ground that it was "hearsay and no part or parcel of the res gestæ," was overruled. It is contended this was error because it appeared that the examination was made by Dr. Smith for the sole purpose of acquiring information to enable him to testify as an expert witness. From other portions of the testimony of the witness it appeared that in his examination of appellee the witness "made pressure on the plaintiff's (appellee's) spine." It does not appear from the record that the claim made by appellee was not the "instinctive or spontaneous betrayal of pain" due to the pressure by the physician on his spine. If it was, then the testimony was admissible, and the court did not err in overruling the motion to exclude it. Railway Co. v. Johnson, 95 Tex. 411, 67 S. W. 768.

[6] Appellant earnestly insists that the verdict and judgment are excessive. There was testimony in the record sufficient to support a finding that appellee suffered serious and permanent injury to his spine. If he suffered that kind of an injury, and the jury must have found he did, it cannot be said that the amount alone of the verdict, and there is nothing else in the record suggesting it, when considered with reference to the injury, indicates they were influenced in fixing it by matters they should not have considered. Therefore we do not think it can be said that the verdict represented anything else than the unbiased judgment of the jury as to the sum necessary to compensate appellee for the injury he suffered. If it represented only that, it was what the law contemplated it should be, and we do not think we should reverse the judgment based on it.

The judgment is affirmed.