JOHN HUTCHINSON, PLAINTIFF, v. JERSEY CENTRAL
TRACTION RAILROAD COMPANY, DEFENDANT.

Submitted March 8, 1923—Decided June 5, 1923.

### Negligence—Motor Vehicle with Trolley—Testimony of Expert— Retrial.

On defendant's rule to show cause.

Before Justices KALISCH, BLACK and KATZENBACH.

For the plaintiff, *A. L. Simpson* and *Alexander Simpson*.

For the defendant, *Wilson & Smock* and *Edwards & Smith*.

PER CURIAM.

The defendant, Jersey Central Traction Railroad Company, owns and operates an electric railway over a private right of way, which crosses at grade, Laurel avenue, in the municipality of Keansburg, in the county of Monmouth. This avenue runs approximately north and south. It is a gravel road forty-four feet in width. The railroad runs approximately east and west. A good view of the railway can be obtained by a user of the highway both to the east and west.

On July 24th, 1921, the plaintiff was driving a motorcycle with a side car attached, southwardly on Laurel avenue towards the track of the railway. In the side car was seated his wife and three children. As the rear of his motorcycle was passing over the track of the railroad it was struck by an electric car which was proceeding in an easterly direction. The plaintiff sustained serious injuries, including the amputation of his left leg just above the knee. The plaintiff instituted this suit for damages alleging that the defendant's car was negligently operated. The case was tried at the Hudson Circuit and a verdict rendered in favor of the plaintiff, which

was set aside by the Supreme Court in an opinion which analyzed the plaintiff's testimony, and held that it demonstrated "the absolute recklessness of the plaintiff in attempting to cross the tracks in front of a trolley car traveling as he says it was."

The case was again tried at the Hudson Circuit. The testimony of the plaintiff and his wife was substantially the same as on the former trial. In addition to this the plaintiff called the motorman, who testified that when about two hundred feet from Laurel avenue he reduced the speed of his car to ten miles an hour, and then as he came nearer Laurel avenue increased the speed to twelve or fourteen miles an hour, and then applied his brakes, reducing the speed of the car, presumably upon seeing the probability of a collision with the motorcycle.

The trial judge refused to nonsuit, holding that the evidence of the motorman, not given for the plaintiff in the former trial, differentiated the plaintiff's case at this trial from that made at the former trial. The case was submitted to the jury, which found a verdict for the plaintiff. The trial court allowed a general rule to show cause which brings before us all the questions raised during the trial as well as the result thereof.

Among the injuries of which the plaintiff complained as a result of the accident was a defective hearing, described by the plaintiff as a "ringing in the ears." On this branch of the case the plaintiff called as an expert witness Dr. John E. Welsh, who had made on the day preceding the trial an examination of the plaintiff for the sole purpose of testifying at the trial. The witness testified that he had made a series of tests to establish whether the plaintiff had normal hearing and whether his auditory nerve was normal, but that he was unable to reach a conclusion on these matters without the aid of subjective symptoms. Over objection this witness was permitted to testify as to the result of his examination, using in the result reached the statements of the plaintiff. To the court's ruling at the time objection was made and exception was taken.

In the case of *Consolidated Traction Co.* v. *Lambertson*, 60 *N. J. L.* 452, this question was considered by the Court of Errors and Appeals. Mr. Justice Dixon, who spoke for the court, said: "It is well settled that the declarations of a patient as to his symptoms, made to his physician or surgeon for the purpose of treatment, are admissible in evidence. *Fay* v. *Harlan*, 128 *Mass.* 244; *State* v. *Gedicke*, 14 *Vroom* 86. While such declarations partake of the nature of hearsay, they derive some credibility beyond that of hearsay, from the fact that the patient expects his physician or surgeon to be guided by them in administering remedies, and so the patient has an incentive beyond the ordinary obligation to tell the truth.

"But when such declarations are made not for the purpose of treatment, but for the purpose of leading the physician or surgeon to form an opinion to which he may testify as a witness for the declarant, not only is this reason for credibility absent but instead self-interest becomes a motive for distortion, exaggeration and falsehood. Hence, it is the better conclusion that declarations made under such circumstances are not competent evidence on behalf of the declarant. *Grand Rapids Railroad Co.* v. *Huntley*, 38 *Mich.* 537; *Jones* v. *Village of Portland*, 88 *Id.* 598; *Davidson* v. *Cornell*, 132 *N. Y.* 228; *Delaware, Lackawanna and Western Railroad Co.* v. *Roalefs*, 70 *Fed. Rep.* 21.

"Of course, this does not apply to utterances which are the natural expressions of present pain, even though they are brought out by an examination made for the purpose above mentioned. Such utterances are themselves symptoms, and while they may be feigned, are, nevertheless, competent testimony of the honesty and weight of which the jury must judge."

Twenty-six years have passed since the decision in the above case. During this time this principle has been frequently approved. Some of the more recent cases are: *McKormick* v. *West Bay City*, 110 *Mich.* 265; *Greinke* v. *Chicago City Railway Co.*, 234 *Ill.* 564; *Shaughnessy* v. *Holt*, 236 *Id.* 485; *Union Pacific Railway Co.* v. *McMican*, 194 *Fed. Rep.* 393.

In this case the examination made by Dr. Welsh was for the sole purpose, as has been said, of testifying at the trial. It was made on the day preceding the trial. It would be difficult to find a case where the motive for exaggeration of subjective symptoms would be stronger. In our opinion the testimony of Dr. Welsh, so far as it included statements made to him by the plaintiff as to the latter's symptoms and opinions based in whole or in part therein, was inadmissible and should not have been allowed to go to the jury. The verdict rendered was large. Its size must have been in part induced by this testimony. Its admission was clearly prejudicial to the defendant. For this reason the rule to show cause should be made absolute. We deem it unnecessary to consider the other questions raised and briefed.

The rule is made absolute.