(95 N. W. Rep. 513.)

---

F. P. WRIGHT *v.* THE MINNEAPOLIS, ST. PAUL AND SAULT STE. MARIE RAILWAY COMPANY.

Opinion filed June 27, 1903.

**Under Statute, Negligence Presumed From Fact of Killing.**

> 1. Where plaintiff, in an action for the negligent killing of cattle by a railroad train, made proof of his ownership of the cattle, their value, and the fact of their being killed by a train, a *prima facie* presumption of negligence was established without further proof. The statute, section 2978, Rev. Codes 1899, creates a presumption of negligence from the fact of killing by the cars.

**Contributory Negligence—Stock Unlawfully at Large.**

> 2. Where plaintiff, at a time when it was unlawful for stock to be at large, turned his horses out, with knowledge of their habit of going upon the railroad right of way, yet took no means of herding them or keeping them off from the railroad track which ran through and across his land, and in close proximity to and in plain view from his house, and where no duty was imposed upon the railroad company to fence its right of way, he was guilty of such contributory negligence as will defeat an action for the killing of a horse by one of defendant's trains.

Appeal from District Court, Barnes County; *Glaspell,* J.

Action by F. P. Wright against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company for the killing of plaintiff's stock. Verdict and judgment for plaintiff. From an order denying its motion for a new trial, defendant appeals. Reversed.

*Lee Combs,* for appellant.

The plaintiff, knowing that at the time of the injury, his cattle, including those killed, were in the habit of passing over the defendant's track and right of way, and being thus exposed to danger and injury from passing trains, and having deliberately turned his stock, including those injured, into the highway near such track, was guilty of such contributory negligence, as a matter of law, as precludes a recovery. *Peterson* v. *Wisconsin Central R. R. Co.,* 56 N. W.

Rep. 639; *Carey* v. *Chicago, Minneapolis & St. Paul Ry. Co.,* 20 N. W. Rep. 648; *Richardson* v. *Chicago & Northwestern Ry. Co.,* 14 N. W. Rep. 176; *Bennett* v. *Chicago & Northwestern Ry. Co.,* 19 Wis. 145; *Chicago & Northwestern Ry. Co.* v. *Goss,* 17 Wis. 428; *LaFlame* v. *Detroit & M. Ry. Co.,* 67 N. W. Rep. 556; *Schneekloth* v. *Chicago & W. M. Ry. Co.,* 65 N. W. Rep. 663; *Robinson* v. *Flint & P. M. R. Co.,* 44 N. W. Rep. 779; *Hanna* v. *Terre Haute & I. Ry. Co.,* 119 Ind. 316, 21 N. E. Rep. 903; *Nieman* v. *Mich. Cent. Ry. Co.,* 44 N. W. Rep. 1049; *Munger* v. *Ry. Co.,* 4 N. Y. 349; *Tower* v. *Ry Co.,* 2 R. I. 404. In this jurisdiction when cattle were lawfully at large, there can be no recovery for animals killed by a passing train, "unless the injury was occasioned by wanton or reckless misconduct of defendant or its employes." *Williams* v. *N. P. R. R. Co.,* 3 Dak. 168, 14 N. W. Rep. 97.

Without the introduction of any testimony by plaintiff, he relies upon the presumption of the statute, that mere killing of the stock by a railroad company is presumptive evidence of negligence; this presumption was rebutted by defendant by positive, uncontradicted testimony, and plaintiff cannot recover. *Hebron* v. *Chicago, M. & St. P. Ry. Co.,* 57 N. W. Rep. 494; *Lewis* v. *Fremont, E. & Mo. R. Co.,* 63 N. W. Rep. 781; *Harrison* v. *Chicago, M. & St. P. Ry. Co.,* 60 N. W. Rep. 405; *Keilbach* v. *Chicago, M. & St. P. Ry. Co.,* 78 N. W. Rep. 951.

The defendant owed no duty to the plaintiff in relation to trespassing horses until their presence was discovered, and then only owed the use of ordinary care to avoid injury to the horses. *Baker* v. *Chicago, R. I. & P. Ry. Co.,* 63 N. W. Rep. 667; *Connyers* v. *Sioux City & R. R. Co.,* 43 N. W. Rep. 267; *Thomas* v. *Chicago, M. & St. P. Ry. Co.,* 61 N. W. Rep. 967; *Railway Co.* v. *Barlow,* 71 Ill. 640; *Harrison v. Chicago, M. & St. P. Ry. Co., supra; Illinois Cent. R. Co.,* v. *Noble,* 32 N. E. Rep. 684; *Memphis & Little Rock R. Co.* v. *Kerr,* 5 L. R. A. 429.

*Lockerby & White* and *E. H. Wright,* for respondents.

Plaintiff having shown the fact of the killing of his stock by defendant's trains, it was incumbent upon defendant to overcome by satisfactory proof the statutory presumption of negligence arising from the fact of killing. Section 2978 Rev. Codes 1899; *Hodgins* v. *M. St. P. & S. Ste. M. R. Co.,* 3 N. D. 382, 56 N. W. Rep. 139; *Bishop* v. *C. M. & St. P. Ry. Co.,* 4 N. D. 536, 62 N. W. Rep. 605.

If defendant overcomes this presumption by undisputed testimony, so clear and positive as to leave but one conclusion to be drawn by fair minded and reasonably intelligent men, the trial court should have directed a verdict for defendant and the case reversed *Hodgins* v. *Ry. Co., supra; Hebron* v. *Chicago, M. & St. P. Ry. Co.,* 57 N. W. Rep. 494; *Harrison* v. *Ry. Co.,* 60 N. W. Rep. 405; *Lewis* v. *Ry. Co.,* 63 N. W. Rep. 781; *Keilbach* v. *Ry. Co.,* 78 N. W. Rep. 951.

COCHRANE, J.   Plaintiff's farm is crossed by defendant's railway in a northwesterly direction. A public road or highway runs north and south through plaintiff's farm, crossing the railroad track thirty rods northwest of plaintiff's house.   From this road, crossing eastward, defendant's track is fenced on both sides to a point beyond the east boundary of plaintiff's land, but at the east end these fences are not connected by an end fence.   At the highway crossing there was a cattle guard between the rails, and the space between the cattle guard on either side of the track and the fence was closed.   This cattle guard was not sufficient to turn cattle or stock, but plaintiff's stock frequently walked over it.   It was conceded that there was no duty on defendant to fence its right of way.   On March 2, 1901, two cows, valued at '$30 each, belonging to plaintiff, were killed by defendant's trains.   On April 14, 1901, a horse of plaintiff's valued at $150, was found near the railroad track with his legs broken, so that he had to be shot.   After a verdict for plaintiff for the full value of the property claimed, defendant moved for a new trial because of the insufficiency of the evidence to justify the verdict.   The trial court denied the motion of defendant upon condition of plaintiff's remitting $30 of his verdict, the value of one of the cows.   The remittitur was made, and defendant appealed from the judgment entered on the verdict.

In making out his case as to the killing of the cows, plaintiff made proof of his ownership and the value of the cows, that they were killed by defendant's trains, but offered no evidence tending to show any negligence by defendant or its employes.   He relied upon the statutory presumption of negligence raised by the fact of such killing, as he had a right to do in the first instance.   Section 2978, Rev. Codes 1899; *Hodgins* v. *Railway Company,* 3 N. D. 382, 56 N. W. Rep. 139; *Bishop* v. *Railway Company,* 4 N. D. 536, 62 N. W. Rep. 605.

Defendant, to overcome the *prima facie* case so made by its adversary, introduced as witnesses the engineer and fireman of the passenger train No. 108, which passed the place where these cattle were killed, going east on the morning of March 2, 1901. The testimony of these witnesses disclosed the killing of one only of the cows by this train, but under circumstances which, in the judgment of the trial court, fully overcame the statutory presumption of negligence, and entitled the defendant to a discharge as to this part of plaintiff's demand. *Hodgins* v. *Railway Company,* 3 N. D. 382, 56 N. W. Rep. 139. The remittitur of $30, ordered by the trial court on the motion for a new trial, was for the value of this cow. As to the second cow included in the verdict, the evidence was such as to indicate that it was killed by a train going west, and therefore could not have been killed by passenger train No. 108, which killed the first one. This second cow was found dead near the track, about two rods west of the highway crossing. From a point about twenty-five rods east of this crossing there were footmarks for seven or eight rods, where "the cow had made great leaps along the track"; also evidence indicating that she had been dragged west along the track fifteen rods, leaving marks of blood, hair, horns, and hide on the track, to the point near which the broken and bruised body was found. This evidence is not reconcilable with the theory that the cow was killed by a train moving in an easterly direction. The jury must have found, as they had a right to do if they believed this evidence, that this cow was killed by some other train, and not by passenger train No. 108. Defendant offered no evidence to meet this condition of the proof. The statutory presumption of negligence from the killing of this cow by defendant's train was not overcome, and is sufficient to sustain the verdict for her value.

As a second cause of action, plaintiff sought to raise against the defendant the statutory presumption of negligence by proof of circumstances tending to show that the horse, the subject of his second cause of action, was injured through coming in contact with the cars. No direct proof of this fact was made. The circumstances proven were consistent with, and render probable, the conclusion that the horse was injured through being struck by one of defendant's trains, as alleged in the complaint, but such circumstances do not exclude the possibility that the horse became frightened at the train or some other object, and received his injuries by running over the cattle guard, or in some other way. Assuming, for the pur-

poses of this opinion, that a *prima fàcie* case of negligence was made out by these proofs, as against this plaintiff's evidence discloses a clear case of contributory negligence, which must defeat his recovery as a matter of law. Between April 1st and November 1st it was unlawful for stock to be at large. *Ely* v. *Rosholt,* 11 N. D. 559, 93 N. W. 864. Plaintiff's horse was a trespasser upon defendant's right of way, and as to it the measure of defendant's duty was to exercise ordinary care not to injure it after it was discovered to be in a place of danger. Defendant's employes, in operating its train, were not required to keep a lookout for trespassing stock. *Bostwick* v. *Railway Company,* 2 N. D. 450, 51 N. W. 781; *Hodgins* v. *Railway Company,* 3 N. D. 389, 56 N. W. Rep. 139; *O'Leary* v. *Elevator Company,* 7 N. D. 554, 75 N. W. Rep. 919, 41 L. R. A. 677. Plaintiff's land was on both sides of the railroad track, the land north of the right of way was open prairie, his house in plain view of and within thirty rods of the track. The fence and cattle guards at the west end of the railroad fence at the highway crossing were insufficient to turn stock. Plaintiff's horses and cattle walked over this cattle guard without let or hindrance. At the east end of the fence there was nothing to prevent the stock going onto the right of way. Plaintiff's stock were in the habit of going onto the right of way over the cattle guard, and had done so all winter. He had seen them do so a good many times up to the day of the killing. Plaintiff knew that his horses, when they went onto the right of way and along the railroad track, were in danger, and he usually drove them out when he saw them there. Three weeks before this horse was injured he had the two cows hereinbefore mentioned killed on this right of way, yet he turned his horses loose on this 14th day of April, without watch or attendant, to follow what he speaks of as the "habit" of going onto the right of way. On April 14th both plaintiff and his hired man saw his horses on the track at 1 p. m., yet neither made any endeavor, so far as the evidence shows, to drive them out of their plain exposure to danger. Plaintiff was guilty of the grossest kind of negligence in permitting his horses to run at large under these circumstances. He turned them out, in defiance of the law prohibiting their being at large, into a place of known danger, with knowledge of their habit of going onto the track, there to become a menace to the safety of the traveling public as well as to the property rights of the common carrier. The law and the golden rule require that parties find a safer method

than this of marketing their stock. *Peterson* v. *Railway Company* (Wis.) 56 N. W. Rep. 639; *Carey* v. *Railway Company* (Wis.) 20 N. W. Rep. 648; *Richardson* v. *Railway Company* (Wis) 14 N. W. Rep. 176; *McMullan* v. *Dickinson Company* (Minn.) 65 N. W. Rep. 663; *LaFlamme* v. *Railway Company* (Mich.) 67 N. W. Rep. 556; *Robinson* v. *Railway Company* (Mich.) 44 N. W. Rep. 779; 19 Am. St. Rep. 174; *Niemann* v. *Railway Company* (Mich.) 44 N. W. Rep. 1049; *Hanna* v. *Railway Company* (Ind.) 21 N. E. Rep. 903; *Railway Company* v. *Skinner,* 19 Pa. 303, 57 Am. Dec. 654; *St. Louis, etc., Co.* v. *Monday* (Ark.) 4 S. W. Rep. 784; *Chicago, etc, Ry. Co.* v. *Goss,* 17 Wis. 433, 84 Am. Dec. 755. Defendant's request for a directed verdict as to the second cause of action should have been granted.

The judgment of the district court is reversed. That court is directed to set aside its judgment and to order judgment for the plaintiff for $30, conditioned upon his filing a remittitur for $150 of the amount of his verdict, this representing the value of the horse; otherwise to order a new trial. Appellant will recover costs of this appeal. All concur.