(108 N. W. 796.)

JOHN CUMMING V. GREAT NORTHERN RAILWAY COMPANY, A COR-
PORATION.

Opinion filed July 9, 1906.

**Railroads — Injury to Cattle.**

> 1. Where the owner of cattle negligently permits them to stray upon a railroad track, the railroad company is not liable for injury to the cattle by trains, unless it failed to use ordinary care to avoid the accident after discovering the animals on the track.

**Same.**

> 2. Evidence examined, and *held,* that it conclusively disproves any negligence on the part of the defendant.

Appeal from District Court, Ramsey county; *Cowan, J.*

Action by John Cumming against the Great Northern Railway Company. Judgment for plaintiff, and defendant appeals.

Reversed.

*Murphy & Duggan,* for appellant.

It is negligence to turn cattle loose in defiance of the herd law, and this alone will preclude a recovery, in the absence of a requirement of a railroad to fence its track. Hannah v. Terre Haute Ry. Co. 21 N. E. 903; Schneekloth v. C. & N. W. Ry. Co. 65 N. W. 663; Moser v. St. P. & D. Ry. Co. 44 N. W. 530; Denver & R. G. Ry. Co. v. Stewart, 28 Pac. 658; Robinson v. Flint & P. M. Ry. Co. 44 N. W. 779; 19 Am. St. Rep. 174; McCann v. Chicago, St. P. M. & O. Ry. Co. 71 N. W. 1054.

Plaintiff must prove negligence, when the presumption afforded by a prima facie statute is overcome. Heuber v. Chicago. M. & St. P. Ry. Co. 6 Dak. 392; Smith v. N. P. Ry. Co. 3 N. D. 17, 53 N. W. 175; Harrison v. Chicago, M. & St. P. Ry. Co. 60 N. W. 405; Lewis v. Fremont Ry. Co. 63 N. W. 781; Kielbach v. Chi-

cago, M. & St. P. Ry. Co. 78 N. W. 951; Hodgins v. Minneapolis, etc., Ry. Co. 3 N. D. 382, 56 N. W. 239; Wright v. Minneapolis, St. P. & S. Ste. M. Ry. Co. 12 N. D. 159, 96 N. W. 324.

*W. M. Anderson* and *Fred J. Trainor,* for respondent.

Case should have gone to the jury. If different minds may honestly draw different conclusions it is properly left to the jury. Williams v. N. P. Ry. Co. 14 N. W. 97; Bates v. Fremont, E. & M. V. Ry. Co. 57 N. W. 72; Bishop v. Chicago, M. & St. P. Ry. Co. 62 N. W. 605; Huber v. Chicago, M. & St. P. Ry. Co. 43 N. W. 819.

ENGERUD, J. This is an appeal from a judgment awarding plaintiff damages for the alleged negligent killing of a cow by defendant. It is admitted that the animal was injured by being struck by a passenger train. The cow was trespassing on the defendant's right of way on the 18th of May, and had been permitted by plaintiff to run at large, contrary to law, and graze along the railroad track, which was unfenced; the company being under no obligation to fence. Under such circumstances, the company is not liable, unless its servants failed to use ordinary care to avoid the accident after discovering the animal on the track. Wright v. Railway Co. 12 N. D. 159, 96 N. W. 324. The only person who saw the accident was the engineer in charge of the train. His testimony as to the circumstances of the accident is wholly undisputed. He saw several cattle grazing along the track a considerable distance ahead. The train was a regular passenger train, consisting of an engine and six coaches, and was running about 35 miles an hour. As the train approached the cattle, one cow started to go upon the track. She was about 300 feet ahead. The engineer immediately shot off the steam and applied the air brakes, but could not stop the train before he struck the cow. The brakes were in perfect condition and worked properly. It was doubtful if the train could have been stopped in that distance, even by application of the emergency brake; but the use of that appliance is attended with great danger to the train and passengers. It cannot be pretended that ordinary care required, or even justified, resort to that appliance to avoid injury to an animal at the peril of injury to the train and passengers. The engineer admitted on cross-examination that the engine might have got past the point of collision before the cow reached it, if he had not reduced the

speed. If the engineer had had time to make this calculation when the cow started towards the track, there is no doubt that a man of his experience would have put on more steam instead of applying the brakes. He was an engineer with more than 20 years' experience, and he did what in his judgment ought to have been done to avoid the collision. He had no time to calculate the speed of the cow or the distance she would traverse to reach the track. He would reasonably expect that even a cow would be frightened and turned from her fatal course by the sound of the whistle and the sight of the approaching train.

Considerable stress is laid on the testimony of witness McVey, and it is claimed that it discredits the engineer's testimony. This witness' testimony is so confused, and in some respects inconsistent, that it is of little or no value; but giving it full credit and the most favorable constrution, there is nothing in it which throws and discredit on the engineer's statement of how the accident oc-curred. As we view the evidence, it shows conclusively that there was no negligence on plaintiff's part. Defendant's motion for a directed verdict ought to have been granted, and that having been erroneously denied, the error should have been corrected by granting the motion for judgment notwithstanding the verdict.

The judgment is reversed, with directions to enter judgment dismissing the action on the merits notwithstanding the verdict. All concur.