(122 N. W. 1101.)

---

ANDREW ANDERSON v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.

Opinion filed September 30, 1909.

Rehearing denied November 17, 1909.

**Railroads — Injuries to Animals — Circumstanial Evidence.**

1. In an action to recover damages for injuries claimed to have been inflicted to plaintiff's horse by defendant's locomotive or cars, direct evidence is not the only class of evidence which may be used to prove the liability of defendant. The circumstances surrounding the location and finding of the horse, its tracks in the snow, the nature of its injuries, may as unmistakably point to and prove that the defendant's locomotive or cars inflicted the injury as the direct testimony of witnesses might, and, if in conflict with the evidence given by witnesses, may be sufficient to sustain a verdict for plaintiff.

**Railroads — Injuries to Animals on Track — Sufficiency of Evidence.**

2. Plaintiff's horse had been missing two days. On the evening of the second day it was found lying in the ditch near the ends of the ties of defendant's track under circumstances which the jury may have found were unexplainable on any theory except that one of defendant's trains inflicted the injuries, which necessitated killing it, and the verdict may be sustained on either of two theories: (a) That, if the jury considered the evidence given by the trainmen as

overcoming the statutory presumption of negligence on the part of defendant as to trains on the second day, no evidence was submitted to overcome such presumption relating to trains which may have passed over the defendant's road on the first day that the horse was missing. (b) That the jury may have found, from the circumstances, that the train passing on the evening of the second day, respecting which evidence was submitted, did inflict the injuries, notwithstanding the positive statements of the trainmen to the contrary, and that therefore their testimony that the horse was not seen in time to stop the train before reaching it should be disregarded, in which case the statutory presumption was not overcome. This court cannot determine which theory the jury adopted.

**Appeal and Error — Harmless Error.**

3. Certain rulings on the evidence and instructions to the jury examined, and *held* nonprejudicial to defendant.

Appeal from District Court, McLean county; *Winchester,* J.

Action by Andrew Anderson against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company. From an order overruling a motion for judgment notwithstanding the verdict and from a judgment for plaintiff, defendant appeals.

Affirmed.

*J. T. McCulloch, Newton & Dullam,* and *Alfred H. Bright,* for appellant.

If proof fails to show killing statutory presumption does not arise. Southern R. Co. v. Forsythe, 23 Ky. L. R. 942; 64 S. W. 506; Southern R. Co. v. McMillan, 101 Ga, 116; 28 S. E. 599.

Presumption must rest upon acknowledged or established facts. Richmond v. Aiken, 25 Vt. 324; Hammond v. Smith, 17 Vt. 231.

A dead animal near a railroad track raises no presumption that it was killed by a train. St. Louis I. M. & S. R. Co. v. Hogan, 42 Ark. 122; Ry. Co. v. Sagely, 56 Ark. 549, 20 S. W. 413; U. P. R. Co. v. Bullis, 6 Colo. App. 64, 39 Pac. 897.

*M. C. Spicer* and *T. R. Mockler,* for respondent.

Appelate court will not weigh conflicting evidence; it determines only if it is sufficient to support the verdict. Weiss v. Evans, 82 N. W. 388; Jeansch v. Lewis et al., 48 N. W. 128; Franz Falk Brewing Co. v. Meilenz, 37 N. W. 728, 5 Dak. 136; Muri v. White et al., 8 N. D. 58, 76 N. W. 503; Williams v. N. P. R. Co., 14 N. W. 97, quoting Thompson on Negligence, p. 1236.

Animals found injured on side of railroad track warrant a finding that they were injured by a passing train. Ill., etc., Ry. Co. v. Whalen, 42 Ill. 396; Blewhett v. Wyandott, etc., Ry. Co., 72 Mo. 583; Fraysher v. Miss., etc., Ry. Co., 66 Mo. App. 573; Johnson v. Ill. Cent. Ry. Co. 39 So. 780; Brockert v. Cent. Iowa Ry. Co. et al., 47 N. W. 1026.

SPALDING, J. Plaintiff recovered judgment in justice court, and, on appeal, in the district court for the value of a horse which he alleges in his complaint was negligently injured by the defendant on or about the 21st day of December, 1905, by being run against or over by one of defendant's locomotives and cars. The answer to the complaint is a general denial. The record shows that, at the point where the horse was found after the injury, three or four miles northwest of Washburn, defendant's railroad track runs northwest and southeast through a cut 10 or 15 feet deep and 600 or more feet long, and that there is a slight curve in this cut. Plaintiff turned three horses, including the one injured, out to graze and for exercise two days before the accident is alleged to have occurred. He found two of them, but was unable to find the third one. On the 21st day of December defendant ran a mixed train from Bismarck north to Garrison in the morning and back in the evening. Neither the plaintiff nor any of his witnesses saw the accident. It is shown that the two trains mentioned were the only ones which passed over the road on the 21st of December. The engineer and fireman testified that about the time they entered this cut going southeast on the evening of the 21st they saw an object ahead, but were unable to distinguish what it was; that it was not on the track, but at the side of the track. The engineer ran past it and then backed up to learn what it was. He and the conductor and brakeman found it to be a horse lying in the ditch on the side of the grade with one of its front feet cut off. The engineer and fireman testified that it was not on the track when they discovered it, and that they did not hit it either on the morning or evening trip. When they reached Washburn the engineer notified the station agent to send some one back to look after it. The trackman and another party were sent out and found it. It was clear of the track when they found it. Its left front and right hind feet were severed, and it had a large gash in one of its hips. It is clearly shown that the horse went upon the track at some point north of the cut, and the snow, of which there was from 6 to 10 inches, showed

that it had walked upon the east side of the grade near the ends of the ties for some distance, but when a short distance north of the place where found, had commenced to jump, and at about the point where found its tracks ceased, and it was found on the west side. Some of the trainmen testified that the snow was packed between the rails in such form as to indicate that the horse had lain there for some time. This is denied by other witnesses. Pieces of bone were found and frozen blood. The case was tried by the defendant largely upon the theory that it did not injure the horse, and in this court it strenuously argues that there is no evidence to warrant the jury in finding that the defendant inflicted the injury which resulted in the killing of the horse.

We are of the opinion that the evidence was ample to justify the jury in finding that some train of the defendant inflicted the injury. We are unable to say whether it found that train No. 92, namely, the train running south on December 21st, or some other train going in the same direction on the preceding day, did the damage. We may, however, assume that it found the train regarding which the evidence was submitted was the one which hit the horse, and then the question arises, in view of the testimony given by the trainmen, whether the verdict can be sustained. Direct evidence is not the only class of evidence which may be used to prove facts. Oftimes circumstances point more plainly and unmistakably to a fact than words by a witness can be made to do, and circumstances may be in such marked conflict with the testimony given by any witnesses as to conclusively rebut it. The circumstances surrounding the injury to this horse are such that the jury may have found that they clearly indicated the injury of the animal by a train, and, while not equally as clear, we think strongly point toward the train in question, notwithstanding the testimony of the trainmen. The jury may well have found that the condition of the animal could be explained in no other manner, and that the testimony given by the engineer and fireman was false. The verdict and judgment can be sustained on either of two theories. Under section 4297, Rev. Codes 1905, which makes the killing or damaging of any horses, cattle, or stock by cars or locomotives along the railway prima facie evidence of carelessness and negligence on the part of the corporation, when the jury found, as it must have found, that defendant's.

locomotive injured the horse, this prima facie case had been established. It then fell upon the railway company to overcome the prima facie case of negligence so made. If it succeeded in doing so, as relates to the train in question, it was not overcome as to trains which passed on the preceeding day when the horse was also missing, as no evidence was offered regarding such trains. On the other hand, if the jury found that the circumstances impeached the testimony of the engineer and fireman, they may have disregarded all parts of their testimony and have reached the conclusion that the statements that the engine did not strike the horse were also untrue, in which case the prima facie case made by the plaintiff would remain intact and unrebutted. The appellant cites Wright v. Mpls., St. P. & Sault Ste. Marie R. R. Co., 12 N. D. 159, 96 N. W. 324, Hodgins v. Railroad Co., 3 N. D. 382, 56 N. W. 139, and Cumming v. Railroad Co., 15 N. D. 611, 108 N. W. 798, and relies especially upon the Hodgins Case; but the facts in that case and the present are so dissimilar that the principles there announced are not applicable. The circumstances did not materially conflict with the stories told by the trainmen, while in the case at bar there is a direct conflict. The other cases are not in point.

It is apparent that the court did not err in denying a new trial or in overruling the motion for judgment notwithstanding the verdict unless reversible error was committed in the reception or rejection of evidence or in the charge to the jury. Many errors are assigned on these grounds. Most of them, if errors, were cured by the subsequent admission of evidence covering the same points, and it is not necessary to consider those.

Exception No. 1 relates to the ruling admitting evidence that the right of way and track were not fenced. It is not necessary to determine whether this was error or not, because subsequently the same ground was covered without objection. Objection was made to the statement as to what occurred between the station agent at Washburn and the man he sent back to look for the horse; but their conversation was only preliminary and introductory to showing that he went back, and why, and contains nothing which we can say was prejudicial in any manner.

Exception No. 9 relates to the court's sustaining plaintiff's objection to the introduction of a rough diagram or draft of the cut offered by the appellant during the examination of the engineer. Aside from no foundation having been laid for its introduction

the court on sustaining the objection to its introduction as offered, suggested to the attorneys that they make a drawing that they could agree upon, whereupon counsel for appellant informed the court that they would try to do so at noon, and counsel for respondent replied that he was willing to do so. No such drawing was subsequently offered, and no showing made that they could not agree as to what was a correct diagram of the premises.

Exception No. 12 relates to the answer to a question asked the conductor of the train as to what he would say as to the conditions around where they found the horse as to the length of time the horse might have been in that condition. This question was objected to as leading and calling for a conclusion of the witness. We see no reversible error in striking out the answer given by the witness on the ground that it was a conclusion and not a fact.

The specific objections to portions of the instructions of the court to the jury rest upon the court's assumption that there was evidence from which the jury might find that train No. 92, of December 21st, injured the horse, and need no further comment.

Other assignments are without merit.

The order of the district court is affirmed. All concur, except MORGAN, C. J., and ELLSWORTH, J., not participating.