# CLAIR v. NORTHERN PACIFIC RAILWAY COMPANY.

## (132 N. W. 776.)

**Railroads — trespassing animals.**

1. Where animals are trespassers on the tracks or right of way of a railroad company, the duty of the company is only to exercise ordinary care to avoid injury to them after they are discovered.

**Motion for directed verdict — denial.**

2. It is not error to deny a motion for a directed verdict where the evidence, though undisputed, is such that different impartial men might fairly and reasonably differ in the conclusions to be drawn from such evidence.

**Instructions — correctness.**

3. Certain instructions considered, and *held* not erroneous.

Opinion filed September 30, 1911.

Appeal from District Court, Grand Forks county; *Goss, J.*

Action by James Clair against the Northern Pacific Railway Company. From a judgment for plaintiff, defendant appeals.

Affirmed.

*Ball, Watson, Young, & Lawrence,* for appellant.

*Feetham & Elton,* for respondent.

MORGAN, Ch. J. This is an action to recover damages against the defendant for the killing of plaintiff's horse, through the alleged negligence of the defendant's employees, in operating a train on January 4, 1905. The horse was killed at about 1:30 A. M. of said day, while it was on the defendant's track, some considerable distance from a crossing. The train was running between 20 and 25 miles an hour, and consisted of an engine with eight freight cars. The engine and

Note.—The question of the duty of railroad employees to keep a lookout for live stock on track is treated in notes in 24 L.R.A.(N.S.) 858; 96 Am. Dec. 681; and 20 Am. St. Rep. 161.

For authorities on the power of the legislature to make the killing of stock prima facie evidence of negligence, see note in 32 L.R.A.(N.S.) 227. See also notes in 15 L.R.A. 39 and 58 Am. Rep. 703.

braking appliances were in good working order. The engineer first distinctly saw the horse when it was 5 car lengths ahead of the engine. As soon as he distinctly saw the horse on the track, be set the emergency brake and sounded the whistle, but the engine was not reversed. At the place where the animal was killed, there was a curve in the track, which is shown to have been about a 4-degree curve. The headlight, therefore, did not directly fall upon the animal as soon as it would have done on a straight track, and the engineer did not distinctly see it before it was shown by the headlight, and it was then about 5-car lengths ahead. Before the headlight fell on the horse, the engineer had noticed an object on the track which showed up like a shadow, but he did nothing to stop the train until he actually discovered it to be a horse, which was a very few seconds after he first saw the object. The engineer did not sand the rails, but he testifies that he could not possibly have stopped the train at that distance, in time to save the animal, without danger of an accident, and that there would have been danger of an accident and damage to the equipment if the engine had been reversed; but no danger of injury or accident would have followed sanding the rail.

At the close of the plaintiff's testimony the defendant moved for a directed verdict, on the ground that the evidence was insufficient to justify a verdict, and that no negligence on the part of the defendant had been shown. The trial court denied the motion, and submitted the question to the jury, who found a general verdict in favor of the plaintiff, and assessed his damages at the sum of $150, together with interest, amounting in all to the sum of $181.06. Two special questions were also submitted to the jury, and in their answers to the same the jury found that the defendant was guilty of negligence, and that such negligence consisted in the failure of the engineer to use all means at his command to stop the engine. The defendant moved for a new trial, and also for judgment notwithstanding the verdict, and the court denied both motions. The defendant perfected an appeal from the order denying judgment notwithstanding the verdict, or a new trial, and also appealed from the judgment.

When the engineer first saw the horse on the track, it was about 200 feet ahead. He testifies that he could have stopped the train within 300 feet that night. He also testifies that he did nothing to stop it,

until he was enabled by the light to see that the object or shadow was a horse. Owing to the curve in the track, he says that he was unable to distinguished what the object was as soon as he could have done so, if the track had been straight; and he further says that he set the emergency brake, although he knew that the train could not be stopped in time to save the horse, and that he did so as it would give the horse longer time to jump from the track. He also says that it would have stopped the train very much more quickly with the emergency brake and the rails sanded, but that it could not have stopped in time to avoid killing the animal, if it did not jump from the track, as stock sometime does. He also says that if he had gotten the train under control, or stated to do so immediately, he would not have struck the horse nearly so quickly. The horse was running away from the train when the engineer first saw it, and when it was struck by the engine.

In view of these undisputed facts, it remains for us to determine whether a verdict should have been directed for the defendant. It has been held in this state, in several cases, that when animals are on the railway tracks between crossings they are trespassers, and that railway companies owe no duty to watch for them, but that they are bound to use only ordinary and reasonable means to save the trespassing animals, after they are seen, consistent with the safety of the train, its crew, and passengers. Cumming v. Great Northern R. Co. 15 N. D. 611, 108 N. W. 798; Wright v. Minneapolis, St. P. & S. Ste. M. R. Co. 12 N. D. 159, 96 N. W. 324.

It is admitted that the engineer did not sand the rails, and that doing this would have materially reduced the speed at once, in connection with the use of the emergency brake. The animal was running away from the train during all the time, which is a fact to be considered. In view of the entire record, we think it was a question for the jury to say whether all reasonable precautions were taken by the engineer, and whether the animal was killed by reason of not using ordinary and reasonable means to avoid the killing of it.

It is true that the evidence is undisputed in this case; but that does not necessarily make it a question of law for the court to say whether there was negligence or not. If, on consideration of the undisputed facts of the case, impartial minds may fairly draw different conclusions, it becomes a question for the jury, and the court shall pass upon the undisputed facts only when but one conclusion can fairly

be deduced therefrom. This principle has been announced in many cases in this court. In Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972, the court said: "Contributory negligence, as well as negligence of the defendant, are questions for the jury in a case at law, unless the conceded facts from which the inference must be drawn admit of only one conclusion. If the facts . . . are such that different impartial minds might fairly draw different conclusions from them, they should be submitted to the jury, and are only for the court when such that fair-minded men might draw only one conclusion from them." See also Heckman v. Evenson, 7 N. D. 173, 73 N. W. 427; Forzen v. Hurd, 20 N. D. 42, 126 N. W. 224; 15 Current Law, 1380, and cases cited. Whether the defendant had overcome the statutory presumption of negligence where animals are killed by locomotives along a railroad, as declared under § 4297, Rev. Codes 1905, is not shown to the extent that but one conclusion can be reached from the evidence. The rails were not sanded, and if this had been done the speed of the train would have been materially reduced at once. That the engineer should have endeavored to stop the train when he first discovered an object on the track is also a question concerning which the jurors and other impartial minds might disagree. Under the evidence, it is shown that the animal was running, and that it would have had more time to escape if all precautions had been taken by the engineer. In view of these facts, we are satisfied that there was no error in submitting the issues to the jury, notwithstanding the conclusion of the engineer that no precautions on his part would have avoided the injury.

It is claimed that this case is controlled by Corbett v. Great Northern R. Co. 19 N. D. 450, 125 N. W. 1054, and Hodgins v. Minneapolis, St. P. & S. Ste. M. R. Co. 3 N. D. 382, 56 N. W. 139, but we think the facts of these cases are clearly distinguishable from the present case. In the Corbett Case, the evidence of the engineer was unequivocal that he did everything in his power to stop the train, and we held that no question presented itself to throw any doubt upon the evidence of the train employees as to the exercise of the diligence required to protect the trespassing animals. The same is true of the Hodgins Case. It was therefore held in these cases, and properly, that the statutory presumption of the negligence was completely overthrown, and that

there was no question in the case for the jury. In this case, the admitted omission of the engineer to take the precautions that have been mentioned leaves the question doubtful, as a legal conclusion, whether the stock would have been saved if these precautions had been taken, and the question was therefore properly left with the jury.

Several exceptions were taken to the charge of the court in reference to the negligence of the defendant. These exceptions are based upon the claim that the evidence was undisputed, and that it was therefore the court's duty to decide the question. What we have said on the denial of the motion for a directed verdict disposes of these assignments.

. Error is also specified on that portion of the charge wherein the court stated that the question of the credibility of the witnesses was for the jury to determine. It is claimed that these instructions, in effect, stated that the engineer's testimony might not be worthy of belief, inasmuch as he was the only witness on the question of the operation of the train. There were other witnesses that testified in the case, and the engineer's testimony was not particularly referred to, nor was there any particular reference to witnesses' testifying on the question of defendant's negligence. We therefore conclude that the instruction was without prejudice, and the specification without merit.

It is claimed, also, that the trial court misdirected the jury in its instructions on the question of the statutory presumption of negligence. The claim is that the charge stated that when animals killed by the locomotive or cars are found along a railroad a presumption of fact is raised that they were killed through the negligence of the defendant. We think a reading of the instruction makes it clear that the court stated that such presumption is only a rebuttable presumption; in other words, that it was only a legal presumption, existing only until overcome by evidence. What we have said disposes of all the questions arising on the record including those arising on the motion for a new trial.

For the reasons given, we conclude that the judgment should be affirmed, and it is so ordered. All concur.

Goss, J., being disqualified, W. C. CRAWFORD, Judge of the Tenth Judicial District, sat in his place by request.