H. C. WERNER, Respondent, v. UNITED STATES RAILWAY ADMINISTRATION, W. D. Hines, Director General, and Northern Pacific Railway Company, a Corporation, Appellants.

(181 N. W. 80.)

Carriers — carrier of stock may be liable ex delicto notwithstanding shipping contract.

   In an action against a carrier for negligence in caring for cattle. shipped

---

NOTE.—On the question of statutory duties of carriers of live stock with reference to care of stock during transportation, see note in 44 L.R.A. 449.

   On duty of carrier of live stock as to feeding and watering stock during transportation, see notes in 43 Am. St. Rep. 446, and 63 Am. St. Rep. 554.

   47 N. D.—4.

over its line, where the defense was based upon the terms of a shipping contract, it is *held:*

1. The carrier may be held liable for negligence in an action *ex delicto;* and there is no failure of proof where there is sufficient evidence to prove breach of duty, and no substantial ground of error where it appears that the carrier was given the benefit of the valid and applicable limitations in the shipping contract.

**Carriers — carrier not relieved of reasonable care as to feeding, etc., by contract provision for attendants.**

2. Where the carrier knows that no one is accompanying live stock carried by it, it owes the duty of exercising reasonable care in feeding, watering, and shipping; and it is not relieved of that duty by a provision in the contract to the effect that the shipper will furnish one or more attendants.

**Carriers — instruction held not to warrant finding for plaintiff on ground of delay alone.**

3. For reasons stated in the opinion, it is held that the instructions to the jury were proper.                                                    `

**Appeal and error — judgment reduced by value of animal not dying as result of negligence.**

4. The evidence being insufficient to show that the death of an animal occurring a few days after arrival at destination, due to disease, was proximately caused by any negligence of the carrier, and the value of the animal being established by undisputed evidence, the judgment is reduced to the extent of the value of the animal, and, as so reduced, affirmed.

Opinion filed December 24, 1920.   Rehearing denied January 11, 1921.

Appeal from judgment of District Court of Sixth Judicial District, *Lembke, J.*

Affirmed.

*Young, Conmy, & Young,* for appellants.

In computing delay of shipment of cattle, due consideration must be made of the stops for feed, water, and rest.   St. Louis, I. M. & S. R. Co. v. Carlisle (Tex. Civ. App.) 78 S. W. 553; Hickey v. Chicago, B. & Q. R. Co. (Mo. App.) 160 S. W. 24; Johnston v. Chicago, B. & Q. R. Co. (Neb.) 97 N. W. 482; Cleve v. Chicago, B. & Q. R. Co. (Neb.) 108 N. W. 982.

Even where delay is shown, it must be proved by the plaintiff that the delay was negligent, to sustain a recovery.   Clark v. St. Joseph & G. I. R. Co. (Mo. App.) 122 S. W. 318; McDowell v. Missouri P. R. Co. (Mo. App.) 152 S. W. 435.

It must be shown, either directly or inferentially, that the delay resulted from negligence of the carrier, or its agents and servants. Patterson v. Chicago & A. R. Co. (Mo. App.) 182 S. W. 1034; Teller & Smith v. Chicago, B. & Q. R. Co. (Iowa) 120 N. W. 672; Cunningham v. Chicago & A. R. Co. (Mo. App.) 182 S. W. 1033.

"It is better in these cases, however, to hold that the signature is

Where plaintiff alleges negligence in one respect, he cannot recover on proof of negligence in another respect. Ausk v. Great Northern R. Co. 10 N. D. 215; Texas & P. R. Co. v. Stephens, 86 S. W. 933; Gulf, C. & S. F. R. Co. v. Wiegert (Tex.) 87 S. W. 191; Texas & P. R. Co. v. Stewart, 43 Tex. Civ. App. 399, 96 S. W. 106; Moore v. Baltimore & O. R. Co. (Va.) 48 S. E. 887; Ecton v. Chicago, B. & Q. R. Co. (Mo.) 102 S. W. 575; Barr v. Quincy, O. & K. C. R. Co. 138 Mo. App. 471, 120 S. W. 111; Burgher v. Wabash R. Co. 139 Mo. App. 62, 120 S. W. 673.

"Where the only cause of action declared on in the petition was defendant railroad's negligent failure to transport plaintiff's hogs promptly, plaintiff could not recover for injuries to the hogs while being loaded or unloaded by defendant's employees." Hunter v. St. Louis Southwestern R. Co. (Mo. App.) 126 S. W. 254; Stone v. Chicago, R. I. & P. R. Co. 149 Iowa, 240, 128 N. W. 354; Willson v. Northern P. R. Co. 111 Minn. 370, 127 N. W. 4.

"A carrier, not being an insurer of a shipment of live stock against increased risks necessary to the transportation, is not liable, unless negligent, for injuries to the stock." Ft. Worth & D. C. R. Co. v. Berry (Tex.) 170 S. W. 125; St. Louis Southwestern R. Co. v. Lewellen Bros. (Tex.) 116 S. W. 116.

"It is generally not commendable practice, in stating the issues to the jury, to quote at large from the pleadings. It may, and frequently does, mislead or prejudice the jury, so as to require a reversal." Spieler v. Lincoln Traction Co. (Neb.) 171 N. W. 896; Hanna v. Hanna, (Neb.) 176 N. W. 732; Swanson v. Allen (Iowa) 79 N. W. 132; Baker v. Drake (Tex.) 185 S. W. 879; Branthover v. Monarch Elev. Co. 33 N. D. 454; Elliott Supply Co. v. Green, 35 N. D. 641; Nupen v. Pearce, 235 Fed. 497; Iverson v. Look (S. D.) 143 N. W. 332.

*John Moses* and *Nuchols & Kelsch,* for respondent.

A motion for a directed verdict in favor of the defendants for dismis-

sal of the action is properly denied where the evidence is conflicting, and where there is some evidence from which the jury can make a finding of damages in favor of the plaintiff. Swallow v. First State Bank, 35 N. D. 608; Horton v. Wright, 36 N. D. 622.

If the verdict of the jury is supported by substantial evidence then it must stand. Acton v. Fargo Street R. Co. 20 N. D. 444 and authority cited.

BIRDZELL, J. On December 3, 1917, Slimmer & Thomas, a commission firm doing business at South St. Paul, Minnesota, delivered to the defendant for shipment to the plaintiff at Hazen, North Dakota, forty-one head of young steers. The car containing the cattle left St. Paul at 11:05 P. M. on December 3d, and arrived at Hazen at 3:15 P. M., December 7th. When they arrived at Hazen some of them had their horns broken, one had a broken leg, which necessitated killing it, and it is claimed that the whole of them had been damaged considerably in transit by reason of rough handling and lack of food and water. A few days after their arrival one died of pneumonia or fever. This action is to recover damages for the alleged negligence of the defendants in the care and shipment of the stock. In the trial court the plaintiff recovered a verdict of $277, with interest and costs, making a judgment of $352.91.

The negligence upon which the action is predicated is alleged in the complaint as follows:

"That the said carload of steers so loaded in the cars at South St. Paul, Minnesota, on the 3d day of December, 1917, arrived at Hazen, North Dakota, on the 7th day of December, 1917, being a running time of approximately ninety-six hours.

"That the said defendant, its agents and servants, not regarding its duty regarding the carriage of the said forty-one head of steers, so carelessly and negligently carried and transported the said forty-one head of steers, that the same were unreasonably delayed in transit, and suffered greatly from privations and exposure.

"That the said running time of ninety-six hours is altogether unreasonable, and that the said defendant was negligent in not shipping the carload of stock with greater despatch.

"That the said carload of stock was not properly taken care of in transit, and that on arrival at Hazen, North Dakota, it was found that

one steer had a leg broken in the car, and was sold by the agent of the Northern Pacific Railway Company at Hazen, North Dakota, to the plaintiff's damage in the sum of $41."

It is first claimed by the appellant that the action should have been dismissed for failure of proof on defendant's motion made during the trial. It is said that the action is based on the common-law liability of the carrier, and the evidence showed that the cattle were shipped under a contract containing certain valid limitations of the common-law liability. From this it is argued that any liability of the carrier arising out of this shipment is governed by the contract, and action cannot be maintained without showing a breach of the contract. The case of Cooke v. Northern P. R. Co. 22 N. D. 272, 133 N. W. 303, is relied upon. This contention is without merit. The defendants in their answer pleaded the contract; and the court, in instructing the jury, gave the defendants the full benefit of its provisions by casting upon the plaintiff the burden of proving negligence as well as compliance with the terms of the contract generally. The fact that a special contract is entered into covering a shipment does not altogether eliminate the duty which the carrier owes as custodian and shipper, for the violation of which it may be answerable in an action *ex delicto*. See Morrell v. Northern P. R. Co. 46 N. D. 535, 179 N. W. 922.

The appellant relies upon the fourth stipulation in the shipping contract, which recites that the shipper will unload, care for, and feed the stock while in possession of the carrier, and furnish one or more attendants, and that in case of failure so to do the carrier, in performing these duties, shall be considered as representing the shipper. Upon the back of this contract, in the space where the agent is required to insert the names of persons entitled to transportation under its provisions, it bears a stamp as follows: "No attendant in charge." This indicates that the carrier knew at the time the contract was made that no one was to accompany the stock, and where the carrier has this knowledge the provision of the contract above referred to does not relieve it of liability for negligence in caring for the stock. Morrell v. Northern P. R. Co. supra; Sailer v. United States Administration, post, 126, 181 N. W. 57.

The testimony shows that the cattle were in good shipping condition when delivered to the carrier, and that they were in poor condition upon arrival at destination. The defendant's agent at Hazen and

other witnesses noted their poor condition. The evidence leaves little doubt as to the cause of the damage, and the jury's verdict is conclusive. The record shows that the cattle were fed but a small quantity of hay en route. While there is little or no evidence to show unreasonable delay in transit, the evidence does show that the cattle were on the road four days, and it also shows that an insufficient quantity of feed was given them to properly sustain strength for that period. The time covered by the transportation may be considered important only as bearing upon the care that they had during that period. It is claimed that the trial court erred in instructing the jury that they might render a verdict for the plaintiff if they found from the evidence that the cattle were delayed. That is not the instruction. The instruction was that if the cattle were "delayed and were improperly fed for an unreasonable time," the plaintiff might recover, etc. Under this instruction the jury would not have been warranted in finding a verdict for the plaintiff on the ground of delay alone. We are of the opinion that it is a proper instruction under the evidence.

The evidence, however, fails to show that the death of the steer that died of pneumonia or fever a few days after arriving was proximately caused by any negligence of the carrier. We are of the opinion that the evidence is insufficient to sustain the verdict in so far as it includes recovery for this animal. The evidence shows the value of this steer to have been $41. See Wright v. Minneapolis, St. P. & S. Ste. M. R. Co. 12 N. D. 159, 96 N. W. 324. The judgment must be reduced in this amount.

It appears that the judgment appealed from is against both the Director General and the railroad company. When the contract was made and the shipment moved the railroad was not under Federal control. Thus, there appears to be no reason why judgment should be entered against the railroad administration. Therefore, the judgment against the United States Railroad Administration, Walker D. Hines, Director General, is reversed, and the judgment against the Northern Pacific Railway Company, reduced in the sum of $41, as above indicated, is affirmed. Neither party will recover costs on this appeal.

CHRISTIANSON, Ch. J., and ROBINSON, and BRONSON, JJ., concur.

GRACE, J. I concur in the result.